(108 So. 761)
## GLOBE INDEMNITY CO. v. MARTIN.
### (6 Div. 683.)

(Supreme Court of Alabama. May 27, 1926.)

1. **Insurance** ⬅➡629(2)—**Bill in equity against judgment debtor and insurance company to compel payment of judgment for personal injuries from being struck by automobile held demurrable, as disclosing only a policy of indemnity against actual pecuniary loss (Code 1923, §§ 8376, 8377).**

Bill in equity against judgment debtor and insurance company to compel payment of judgment for damages for personal injuries from being struck by automobile, alleging that at time injuries were received insurance company had in force with judgment debtor a "contract of insurance * * * indemnifying her against loss from liability imposed by law on her on account of bodily injury, suffered by any person by reason of the ownership, maintenance, or use of her automobile," *held* to disclose only a policy of indemnity against actual pecuniary loss, and hence demurrable, notwithstanding Code 1923, §§ 8376, 8377.

2. **Statutes** ⬅➡263.

A law will not be construed as retroactively effective, unless such legislative intent is plain from its terms.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by H. Clay Martin against the Globe Indemnity Company and Mrs. C. H. Gates. From a decree overruling demurrer to the bill, defendant insurance company appeals. Reversed and remanded.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

One not a party to an indemnity insurance contract cannot maintain a bill in equity against the insurer to recover the amount of a judgment obtained against the insured. Goodman v. Ga. Life Ins. Co., 189 Ala. 130, 66 So. 649; Hollings v. Brown, 202 Ala. 504, 80 So. 792. Equity has no jurisdiction to entertain a bill to subject a legal demand to the payment of a judgment. Henderson v. Hall, 134 Ala. 455, 32 So. 840, 63 L. R. A. 673. A statute regulating the liability of an insurance carrier to one who sustains an injury which comes within the provisions of a liability insurance policy is not applicable to contracts of insurance entered into before its passage. Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374; Nat. Union v. Sherry, 180 Ala. 627, 61 So. 944.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. ——.

Ralph W. Quinn and William F. Spencer, both of Birmingham, for appellee.

The bill has equity, and is not subject to demurrer. Code 1923, § 8377. The statute (section 8377) is purely remedial, and neither destroys any existing defense of the insurer nor diminishes any substantive right of the insured; the remedy conferred by said statute is simply one of procedure. Coosa River Co. v. Barclay, 30 Ala. 120; Brannan v. Henry, 175 Ala. 454, 57 So. 967.

GARDNER, J. This bill was filed by appellee against appellants Globe Indemnity Company and Mrs. C. H. Gates, seeking satisfaction of a judgment obtained by complainant against respondent Mrs. C. H. Gates. From a decree overruling demurrer to the bill, the Globe Indemnity Company has prosecuted this appeal.

[1] The bill disclosed that on December 20, 1923, complainant sustained injuries by reason of being struck by an automobile belonging to respondent Mrs. C. H. Gates; that in October, 1924, complainant brought suit against Mrs. Gates to recover damages for such injuries, and in April, 1925, recovered a judgment therefor against her in the sum of $1,500, which judgment has not been satisfied; that at the time such injuries were received (December 20, 1923), the Globe Indemnity Company had in force and effect with Mrs. Gates a "contract of insurance * * * indemnifying her against loss from liability imposed by law upon her on account of bodily injury, suffered by any person by reason of the ownership, maintenance, or use of her automobile." The bill does not make the insurance policy an exhibit thereto, nor are the provisions as to liability set out therein. The words above quoted from the bill are susceptible of the construction that the policy was one of indemnity (as distinguished from liability only) against actual pecuniary loss suffered by the insured, evidenced, by way of illustration in the instant case, by the payment of the judgment rendered.

Construing the bill most strongly against the pleader, we think the contract therein referred to is to be so interpreted and within the character of insurance policies considered in Goodman v. Georgia Life Ins. Co., 189 Ala. 130, 66 So. 649, and Hollings v. Brown, 202 Ala. 504, 80 So. 792.

In these cases the equity of a bill of the character here in question was denied, and it was held that the insurance contract imposed no obligation upon the company, "except for liabilities actually discharged by the payment of money." Speaking further to the argument as to the right of the injured party (a stranger to the contract), the court, in the Goodman Case, supra, said:

"Courts cannot tamper with and change the terms of contracts, nor can they substitute as beneficiaries thereunder unnamed and unintended strangers who have nothing whatever to do with either the contracts or the contractors."

Under these authorities it is therefore clear that the bill, as here construed, is without equity.

Evidently to meet the situation arising from the binding language of these insurance policies, as held in the above-cited authorities, sections 8376 and 8377 were embodied in and adopted as a part of the Code of 1923. These sections appear to be substantial reproductions of the statute of the state of Massachusetts as found set out in Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374, in original reference note 1.

Counsel for appellee lay stress upon section 8377, our Code, which treats of the remedy, but this section is to be construed in the light of its corollary, the preceding section, and the legislative intent evolved from a consideration of the entire subject-matter as embraced in the two sections, which read as follows:

"8376. *Liability of Insurance Companies on Casualty Risks; When Absolute.*—In respect to every contract of insurance made between an insurance company and any person, firm or corporation, by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person, for which loss or damage such person, firm or corporation is responsible, whenever a loss occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a final judgment against him for loss, or damage, or death, occasioned by said casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void.

"8377. *Remedy of Injured Party after Recovering Judgment.*—Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

The argument for appellee is that the latter section deals only with the remedy, and is applicable to the instant case. But the two sections construed together clearly disclose that the legislative intent was to go far beyond any question of remedial procedure. The Massachusetts Supreme Court considered

such a statute at length in the case of Lorando v. Gethro, supra, when the constitutionality of the statute was sustained. It was there pointed out that one of the effects of the 'statute was to nullify any provision of such policies limiting liability only when the insured had actually paid the judgment rendered, the court saying:

"Its design, obviously, is to prevent the enforcement of such and like conditions, which were held valid in Connolly v. Bolster, 187 Mass. 266, 72 N. E. 981, and in Davison v. Maryland Casualty Co., 197 Mass. 167, 170, 83 N. E. 407, and which, unless prohibited by law, indisputably are binding terms of a contract. By the express provision of this statute, such conditions are to be of no effect. * * * The second section establishes a temporary lien in favor of one who has put the damages resulting to him from the casualty insured against in the form of a judgment on the amount due under the policy as between the insured and the insurer. It also affords him the usual remedies of a judgment creditor. * * * The instant statute has for its chief object simply a regulation as to the form of a policy of insurance. It prohibits, in substance, the insertion in any contract for casualty insurance of a condition that the insured must actually pay the loss before liability attaches to the insurer. * * * A further important feature of the statute is to give to the person injured by the conduct, against loss from which the assured is insured by his policy of insurance, a certain beneficial interest in the proceeds of that policy."

Again, speaking to the question of the effect of the statute upon insurance contracts of this character, the court said:

"The subject of insurance is of such general public interest as to be under the control of the Legislature within rational limits. When a statute has been enacted governing any particular part of the field of insurance, the parties entering into contracts respecting that field are presumed to do so with reference to the obligations and terms established by that statute. Although, previous to the passage of the statute now attacked, a contract of insurance like that here in question would have been valid and enforceable under Connolly v. Bolster, ubi supra, yet now the insurer, by issuing a policy of casualty insurance, impliedly agrees to be governed by the terms of the statute and to consent that his obligation to the insured shall, to the extent of a judgment recovered by a third person against the assured for a casualty covered by the insurance, be hypothecated for the benefit of such third person."

We approve these observations as to the purpose and effect of such a statute.

It is therefore plain that the statute is not one merely of a remedial character as to procedure, but one affecting the liability of the insurer and the rights of the insured, as well as one injured by the conduct, against loss from which the assured is insured in his policy.

The statute here in question became effective August 17, 1924, at the time of the adoption of the Code of 1923. The contract here involved was of force on and before December 20, 1923, on which date complainant's cause of action against the insured, Mrs. Gates, arose. To hold this statute here applicable therefore, it must be given a retroactive effect. Discussing the rule as to such construction of statutes, this court, in Barrington v. Barrington, 200 Ala. 315, 76 So. 81, said:

"Remedial statutes—those which do not create, enlarge, diminish, or destroy vested rights —are favored by the courts, and their retrospective operation is not obnoxious to the spirit and policy of the law. But a statute which gives a new legal effect to conduct or conditions occurring or existing prior to its enactment, thereby imposing upon any person unanticipated disabilities or alterations of legal status, is retrospective in a sense which is odious to the law, and, as to such operation, is strongly disfavored by the courts, even though it does not offend the Constitution by impairing the obligation of a contract or by creating a crime or punishment ex post facto. This disfavor has everywhere found expression in a rigorous rule of construction which denies retroactive effect to such a statute unless by its express terms, or by unmistakable implication, the Legislature must have so intended."

[2] In view of the radical change wrought by the statute in such contracts of insurance, it may be seriously questioned that the statute could be given such retroactive effect, in the light of constitutional provisions against any law that works impairment of the obligation of contracts (National Union v. Sherry, 180 Ala. 627, 61 So. 944), but this question we need not determine. The general rule that a law will not be construed as having a retroactive effect, unless it is plain from its terms that the Legislature so intended, amply suffices for the purposes of the instant case.

There is nothing in the statute indicating a legislative intent that it should have a retroactive effect, and very clearly a consideration of the important influence it has upon insurance contracts of this character, rather leads to a contrary conclusion. The Massachusetts court, in Lorando v. Gethro, supra, expressly stated, as to such a statute:

"It governs contracts 'made after it took effect. It is not retroactive."

Our conclusion is that the statute here invoked is without application to the instant case, which is governed by the principles announced in Goodman v. Georgia Life Ins. Co., supra, and Hollings v. Brown, supra.

It therefore results that the demurrer should have been sustained.

Let the decree be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.