Matthias, J.
 

 The single question presented by the record in this case is whether a husband who sustained damages by reason of the loss of his wife’s society and services, resulting from her bodily injury, caused by the negligence of the holder of an insurance policy protecting him from liability arising from the operation of his automobile, may maintain an action to recover such damages from the insurance company which issued the policy. The answer to this question requires a consideration and interpretation of the provisions of Sections 9510-3 and 9510-4, G-eneral Code. These sections are as follows:
 

 “Section 9510-3. In respect to every contract of insurance made between an insurance company and any person, firm or corporation by which such person, firm or corporation is insured against loss or damage on account of the bodily injury or death by accident of any person for which loss or damage such person, firm or corporation is responsible, whenever a loss or damage occurs on account of a casualty covered by such contract of insurance, the liability of the insurance company shall become absolute, and the payment of said loss shall not depend upon the satisfaction by the assured of a
 
 *475
 
 final judgment against him for loss, or damage or death occasioned by such casualty. No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured, after the said assured has become responsible for such loss or damage or death, and any such cancellation or annulment shall be void.
 

 “Section 9510-4. Upon the recovery of a final judgment against any firm, person or corporation by any person, including administrators and executors, for loss or damage on account of bodily injury or death, if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant applied to the satisfaction of the judgment, and if the judgment is not' satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in a legal action against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.”
 

 By virtue of these provisions, action may be maintained against such insurance company by one who has recovered a final judgment for loss or damage on account of bodily injury or death against one carrying insurance covering such loss or damage. But the question here presented is: What is the basis of the claim of Abraham Nadler? His action against the insurance company is based upon a judgment recovered by him against Charles
 
 *476
 
 Nadler, not for any bodily injury suffered, but as damages sustained by reason of tbe loss of his wife’s society and services.
 

 A careful reading of the language employed by the Legislature in the provisions above quoted requires the conclusion that the benefits of its provisions are limited to one who suffers bodily injury as the result of the negligence of the assured. A principle of interpretation, which is persuasive, if not controlling, is applicable. Where a statute is adopted from another state, which statute previous to such adoption has been construed by the courts of that state, it is presumed to be adopted with the construction so given it.
 
 Gale
 
 v.
 
 Priddy,
 
 66 Ohio St., 400, 406, 64 N. E., 437;
 
 Bd. of Comm’rs. of Mercer County
 
 v.
 
 Deitsch,
 
 94 Ohio St., 1, 113 N. E., 745; Sutherland on Statutory Construction, Section 404.
 

 The provisions of the statute under consideration were adopted from Massachusetts, where it had been enacted five years prior to its adoption by this state, and two years prior to its enactment here it was construed by the Supreme Court of Massachusetts in the case of
 
 Williams
 
 v.
 
 Nelson,
 
 228 Mass., 191, 117 N. E., 189, Ann. Cas., 1918D, 538. It was there held that “ ‘bodily injury * * * of any person’ cannot reasonably be held to include the kind of loss suffered by the husband,” and that the provisions of such statute do not authorize recovery against the insurance company upon a judgment procured by a husband against an assured for damages sustained by reason of the loss of his wife’s society and services.
 

 
 *477
 
 It follows that the demurrer to the petition should have been sustained.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.