(122 So. 175)

**GEORGE v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, LIMITED, OF LONDON, ENGLAND, et al. (6 Div. 963.)**

Supreme Court of Alabama. Jan. 31, 1929.

As Modified on Denial of Rehearing May 2, 1929.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

Ritter, Wynn & Carmichael, of Birmingham, for appellant.

FOSTER, J. This case was brought by authority of sections 8376 and 8377 of the Code of Alabama. These sections give. an equitable remedy in favor of a plaintiff with judgment unsatisfied after 30 days against a carrier of liability insurance covering the loss.

The complainant alleges facts entitling her to relief. But the defense is that the contract of insurance contains the following clauses: "Whenever requested by the corporation, the assured shall aid in securing information and evidence and the attendance of witnesses and in effecting settlement and

in prosecuting appeals. * * * The assured shall at all times render to the corporation all co-operation and assistance in his power." It is claimed that assured breached this stipulation, in that he removed to New York after the loss and failed to appear at the trial as a witness upon notice to do so by the insurer. Before leaving he had made a full and complete statement to the insurer of the circumstances and had conferred with its agents a time or two. They wrote him by registered mail to New York, but he failed to come to court. The insurer's counsel prepared the case for trial, procured the names of the parties acquainted with the facts, filed pleadings and interrogatories to plaintiff, but on the day of trial, assured not being present, withdrew from the case, the court declining to continue it, and a judgment nil dicit was entered. No effort had been made to get the deposition of assured. This suit is based on that judgment by virtue of the Code sections, supra.

Our statute is an exact reproduction of a Massachusetts act, passed in 1914, and it was likewise adopted in Ohio in 1923. The act was considered in Massachusetts in the case of Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374, and Cogliano v. Ferguson, 245 Mass. 364, 139 N. E. 527. It has also been considered in some of its aspects in Ala. Fed. Auto Ins. Ass'n v. Abrams, 217 Ala. 539, 117 So. 85; Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; U. S. F. & G. Co. v. Yeates, 217 Ala. 150, 115 So. 174. It was considered in Ohio in New Amsterdam Cas. Co. v. Nadler, 115 Ohio St. 472, 154 N. E. 736, and Stacey v. Fid. & Cas. Co., 21 Ohio App. 70, 153 N. E. 794; U. S. Cas. Co. v. Breese, 21 Ohio App. 521, 153 N. E. 206. A statute resembling these was enacted in New York and considered by its court in Roth v. National Automobile Mut. Casualty Co., 202 App. Div. 667, 195 N. Y. S. 865, and Schoenfeld v. New Jersey Fidelity & Plate Glass Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; Blashfield on Auto Law, p. 2659.

In view of the conclusion we have reached as to the facts of this case and their effect, we do not find it necessary to consider the effect of our statutes upon the clauses of the policy we have quoted.

In order to constitute a breach of the provisions of said policy in the respect claimed, there must be a lack of co-operation in some substantial and material respect. Any formal, inconsequential, or collusive lack of co-operation is immaterial. If the assured in the ordinary pursuit of his business, and not to evade his duty to the insurer, removed to another city, away from the process of the court, but did not fail to give insurer such information as he possessed, nor to render aid in getting up evidence, when called upon, and did not refuse to testify, but merely failed to come to court at his own expense, when there were numerous persons known to the insurer who had the opportunity to know and testify to what assured knew, and when the policy provides that insurer shall defend the suit at its own cost, he is not thereby in default of his duty in co-operation. There was no tender of expenses by the insurer. It is not claimed that there was a want of co-operation before assured left the city of Birmingham. He should have given his address to insurer before leaving, but the insurer ascertained his address in time to communicate with him before the trial and take his deposition if desirable. The case was set for January 6, 1926, insured ascertained his address early in December before, and wrote him by registered mail December 21st. The letter requested his return to aid in the defense. It did not offer to pay his expenses. No effort was made to take his deposition, nor offer to do so, nor reason assigned for not doing so. The record does not show any lack of information desired by insurer, but only advised him it was necessary for him to be present at the trial, in default of which they proposed to annul the policy.

It is our judgment that the facts in this case do not show such a want of co-operation by the assured as to avoid the contract and deny recovery by the injured party, assuming, but not deciding, that a failure to co-operate would have that effect.

There was a final decree on the pleadings and proof for appellee. The answer admitted the material allegations of the bill, and the only defense was a breach of the co-operation clauses of the policy. We hold that the facts do not show a breach of such clauses, and that the appellant should have a decree against appellee for $5,000 and interest from date of the judgment in favor of appellant against assured. The decree is reversed and one is here rendered as above indicated.

Reversed and rendered.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.
GARDNER, J., dissents.
BROWN, J., not sitting.

### On Rehearing.

FOSTER, J. ▇ In response to an application for rehearing, we have considered it advisable and appropriate to determine the effect of sections 8376 and 8377, upon the co-operation clauses in the contract of insurance. We pretermitted a consideration of this question in the former opinion. So now entering upon a discussion of that subject we desire to make the following comments:

For the reasons heretofore stated, we feel in a measure bound by the decisions of the Supreme Court of Massachusetts on the construction of this law, and heretofore referred to. While those decisions do not directly and specifically refer to this particular clause of

the insurance contract, the expressions of the court are such as to indicate clearly what that court understood the law to mean in respect to it.

Again referring to them, we find the following pertinent statement made in the case of Lorando v. Gethro, supra, and quoted with approval in our case of Globe Indemnity Co. v. Martin, supra: "'A further important feature of the statute is to give to the person injured by the conduct, against loss from which the assured is insured by his policy of insurance, a certain beneficial interest in the proceeds of that policy.' * * * 'The insurer, by issuing a policy of casualty insurance, impliedly agrees to be governed by the terms of the statute and to consent that his obligation to the insured shall, to the extent of a judgment recovered by a third person against the assured for a casualty covered by the insurance, be hypothecated for the benefit of such third person.'" Our court further said: "We approve these observations as to the purpose and effect of such a statute. It is therefore plain that the statute is not one merely *of a remedial character* as to procedure, but *one affecting the liability of the insurer and the rights of the insured,* as well as one injured by the conduct, against loss from which the assured is insured in his policy." In the Massachusetts case there is also the following statement: "Whatever conditions are imposed by that contract, whether as to written notice by the insured to the insurer of any accident and claim, the delivery to the insured of summons in case of action instituted, as to time of bringing action on the policy, or otherwise, are left in full force, unaffected by this clause." This has reference to the clause making the liability of insurer absolute as affecting the constitutionality thereof. The Massachusetts court also considered the act in other aspects not here material in the case of Cogliano v. Ferguson, supra, in 1923.

The question we have to consider is whether the co-operation clause is effective as a defense to an action by the injured party without participation by him in the failure to co-operate. This court, following the Massachusetts court, has construed the provisions in our Code, § 8376, making absolute the liability of the insurer at the time of the loss, to mean that the *amount of the liability* is so fixed and then only when the loss is judicially determined. Fed. Auto Ins. Ass'n v. Abrams, supra.

This provision making liability absolute (as follows: "The liability of the insurance company shall become absolute" [when the loss occurs]) signifies a purpose to create in the injured person a vested interest at the time of the casualty, though it is not then "fixed."

The Ohio act in the language of our statute, and being considered by its courts, was held in one case to apply only in favor of one who received *personal injuries,* and there-

fore did not apply in favor of a husband on a judgment for injuries to his wife. New Amsterdam Cas. Co. v. Nadler, 115 Ohio St. 472, 154 N. E. 736. This case sheds no light on our question now under consideration. This case referred to the fact that the act was adopted from Massachusetts. In another Ohio case (Stacey v. Fid. & Cas. Co., supra), it was held that it was a defense available to the insurer, in a proceeding by the injured party, that notice of the accident was not given as required by the policy. It contains a statement to the effect that the injured party could only recover such as the *insured could have recovered.* There is a clause in the several acts in question which logically leads to that result, as follows (section 8377): "The insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment." In another case in Ohio (U. S. Cas. Co. v. Breese, supra) a clause similar to the one in question contained in a policy was also interposed as a defense. The policy there was issued pursuant to a city ordinance requiring it, and providing that an "action may be maintained by the injured person against the insurance company direct *under the terms of the policy*' for the amount of the judgment in said action. * * * It will thus be seen that the city ordinance explicitly makes the right of recovery dependent upon the terms of the policy * * * held by the operator of the motorbus." The rights of the injured party are limited to the *rights of the insured.* This opinion was cited by the court in Stacey v. Fid. & Cas. Co., supra.

By a statute in New York (Consol. Laws, c. 78, § 109) it was required that the policy shall contain the following clause: "In case of such insolvency or bankruptcy an action may be maintained by the person injured against the company *under the terms of the policy.*" While lack of co-operation in one case in that state was not sustained on the issue of fact, Roth v. N. A. M. C. Co., 202 App. Div. 667, 195 N. Y. S. 865, in the other it was sustained, resulting in a reversal, Schoenfeld v. N. J. F. & P. Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606. New York did not have a law similar in all respects to the Alabama statute, but it stipulated that the rights of the injured party were *"under the terms of the policy."* It was also held by a divided court that the cause of action under that statute and with that clause was derivative and not primary, and did not create a fixed interest until after execution unsatisfied.

Our construction of the sections (8376 and 8377) taken together is that they mean that while the injured party acquired a vested interest, it was in the nature of an hypothecation of the amount (if any) due by the insurer to the insured, and that the terms of the policy imposing obligations on the insured are effective as against the injured party. Such

seems to be the opinion of the Massachusetts and Ohio courts. It is as though such liability as may exist under the policy had been expressly transferred by the assured to the injured person, immediately upon the happening of the casualty. In such event, while the rights of the injured party are immediately thereby vested, they become vested in the nature of an assignee of any other hypothecated claim, subject to the rights of the insurer as stipulated therein, not in conflict with the statute. Otherwise the (so-called) hypothecation does not change the terms of the contract. It is our view that this interpretation is necessary to save the constitutionality of the act, so as to enable parties freely to stipulate the terms of their contract.

We have also reconsidered our former opinion on the facts, and after deliberate reconsideration, we adhere to the former opinion to the effect that appellee did not show such a breach of the terms of the clauses of the contract under consideration so as to defeat a recovery by her.

The application for a rehearing is therefore denied and overruled.

ANDERSON, C. J., and SAYRE, THOMAS, and BOULDIN, JJ., concur.

GARDNER, J., concurs in the interpretation of sections 8376 and 8377, but dissents from the conclusion of the court on the facts.

BROWN, J., not sitting.

GARDNER, J. (dissenting). Under the view of the law of this case as stated in the foregoing opinion, with which statement of the law I am in full accord, complainant's right of recovery is limited to the right of the insured to so recover, and all defenses applicable as to Nausbaum are equally applicable in the instant case. In connection with the defense of suit one of the stipulations of the policy was that "the assured shall at all times render the corporation all co-operation and assistance in his power." When sued at law for damages it requires no discussion to show the presence of defendant at the trial of his cause is highly important for, as said in Schoenfeld v. N. J. F. & P. Co., 203 App. Div. 796, 197 N. Y. S. 606: "To enable the company to defend the action, it was manifestly essential that the assured be present and be examined in his own behalf as a witness upon the trial. This, by reason of his disappearance, was impossible." That authority, in my opinion, is directly in point and is entirely sound.

We do not reach any question of expense of return trip. There was no response by the insured whatever to the letters demanding his presence at the trial, and therefore no negotiations possible as to expense.

I am of the opinion a failure to co-operate and comply with this condition of the policy is established by the uncontroverted proof that the insured entirely ignored such request.

I therefore respectfully dissent.