(132 So. 883)

CONTINENTAL AUTO INS. UNDERWRITERS v. MENUSKIN et al.

3 Div. 937.

Supreme Court of Alabama.
March 5, 1931.

John S. Tilley and Ball & Ball, all of Montgomery, for appellant.

**FOSTER, J.**

Appellee recovered a judgment in a court of Tennessee for damages sustained for personal injuries received in Tennessee against a bus operator whose operations extended between Fort Payne, Ala., to Chattanooga, Tenn., under a certificate of authority from the Alabama Public Service Commission. The bus operator executed a policy of insurance which recited that it was given in pursuance of and is to be construed in accordance with an act of the Legislature of Alabama approved August 23, 1927, known as the Alabama Motor Carrier Act of 1927 (Gen. Acts 1927, p. 309), and expressly agreed to pay within its limits in amount any final judgment for personal injuries to a passenger while carried on the bus, caused by its negligent operator, and further "that upon its failure to pay any such final judgment, such judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment." The act of 1927, pp. 312, 313, § 5, referred to in the policy, and made a part of it by express reference, contains the provision that: "Every such insurance policy shall be for the benefit of and subject to action thereon by any person who shall sustain an actionable injury protected thereby, notwithstanding any provision in such insurance policy to the contrary."

Complainant alleges that he was within the protection of the policy and sustained an injury for which his judgment was rendered in Tennessee against the insured, and thereby the insurer became liable under the terms of the policy to pay the judgment.

As pointed out in our case of Fite v. Pearson, 215 Ala. 521, 111 So. 15, if the contract so authorizes, a third party beneficiary may sue upon it, though he furnished no part of the consideration. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 231; 36 Corpus Juris, 1132. This has also been extended to include contracts in the nature of a bond conditioned to protect the principal obligee from liability on account of certain claims, so that suits for the use of the

claimants may be maintained on the contract. Fid. & Dep. Co. v, Rainer, 220 Ala. 262, 125 So. 55.

In the former instance suit may be in the name of the third party; in the latter it is brought for his use. In neither instance is a resort to equity essential. Upon the basis of those authorities, we are clear that appellee can sue appellant at law on the facts alleged.

■■ The courts of this state take jurisdiction of a cause of action which arose in another state where proper service may be obtained in Alabama. Section 5681, Code. The agreement to pay a final judgment based upon a certain nature of injury, and that the judgment creditor may by proper action compel the insurer to pay it, does not limit jurisdiction to the state in which the judgment shall be rendered. The judgment in a proper court in Tennessee against the bus operator therefore fixes a contract liability on the policy in favor of the judgment plaintiff against the insurer. Certainly therefore a proper court of Alabama may enforce that contract if due service is had on defendant as the insurer. There is no question here presented as to due service on appellant, defendant in the circuit court, nor its liability to suit in Alabama. We see nothing, therefore, which would prevent this appellee, as plaintiff, from maintaining a suit at law in Alabama against appellant on this contract obligation.

The very statement of that conclusion would be sufficient to deny the right to maintain a suit in equity, unless a statute or some distinctly equitable principle authorizes equitable jurisdiction.

■ The claim is made that this results from section 8377, Code. That section is of course with reference only to such contracts as are governed by the laws of Alabama, including sections 8376 and 8377, Code, and would control the question, if its conditions are complied with. Those sections are not merely remedial, but in fact are read into an Alabama contract, and nullify any of its provisions which limit the indemnity to loss to the insured, but extend it to indemnity against liability. The rights of the injured person under those provisions are held to be secondary and not primary. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; George v. Employers' Liability, 219 Ala. 307, 122 So. 175.

■ When a judgment is rendered in favor of an injured person insured by a policy executed under the statute, the liability of the insurer is thereby hypothecated to the injured party, as plaintiff in the judgment, and establishes in his favor a lien to enforce his judgment. That lien is by that statute enforceable in equity. Lorando v. Gethro, 228 Mass. 181, 117 N. E. 185, 1 A. L. R. 1374.

■ But it is our view that this statute refers to a judgment in a court of Alabama. Our courts recognize a judgment in another jurisdiction as having effect as evidence of a debt or duty, and as fixing an obligation between the parties. But to possess other properties of a judgment it is necessary to sue upon it in Alabama, and obtain an Alabama judgment. 34 Corpus Juris, 1104, 1137; 15 R. C. L. 925; Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; Calkins v. Calkins, 217 Ala. 378, 115 So. 866. When that is done, then there is "the recovery of a final judgment" which is a condition to relief in equity under section 8377, Code. But without such judgment in Alabama, that section cannot be relied upon to furnish a remedy. This is not in conflict with the further conclusion that a judgment in Tennessee is a final judgment under the terms of the policy giving a right of action in that event to the plaintiff in it. One is a contract obligation and the jurisdiction in which the judgment is rendered is not by the contract limited. The other is a statutory obligation and remedy is in this state, which does not give a judgment in a foreign state all the properties of such in Alabama. We do not think the equity of the bill can therefore be rested on section 8377, Code.

Prior to the enactment of section 8377, Code, this court held that equity had no jurisdiction to provide relief in favor of an injured party against the insurer in a policy which provided indemnity for the assured against loss, but not against liability, and that by such policy the injured party had no equitable claim on the policy even after judgment against the insured and though the insurer managed the defense of the suit. Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761; Hollings v. Brown, 202 Ala. 504, 80 So. 792; Goodman v. Ga. Life Ins. Co., 189 Ala. 130, 66 So. 649.

■ But the terms of the policy we have referred to in this case containing a direct promise to pay the judgment, make it an insurance against liability, rather than against loss. It does not require payment of the judgment as a condition to liability, but only the rendition of judgment. This is the interpretation given to such a policy by other courts, and we think there can be no substantial doubt as to its correctness. Fenton v. Poston, 114 Wash. 217, 195 P. 31; Capelle v. U. S. Fid. & Guar. Co., 80 N. H. 481, 120 A. 556; 41 A. L. R. 516; 36 Corpus Juris, 1130, 1131; Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995.

It has been held in some jurisdictions that when the policy is an indemnity against liability, and an injured person has fixed the existence and amount of it by a judgment against the insured, he may proceed in equity to subject the amount due on the policy to his

judgment as an equitable asset, or in the nature of a lien. Some courts without discussion have held that thereby an equitable remedy is created. Capelle v. U. S. Fid. & Guar. Co., supra; Clark v. Bonsal & Co., 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191.

But if equity intervenes under such circumstances it is only because the claim of the third party is not one which is fixed and enforceable at law. When the statute, acts 1927, made a part of the policy by express reference, provides for action by such third party, and other provision therefor is likewise contained in the policy, we think that all doubt is settled that the right of the injured third party after judgment in another state is at law, and therefore that resort to equity is not necessary.

Our conclusion is that the suit should be on the law side of the court to which it may be transferred by order of the circuit court, and that the demurrer to the bill as one in equity should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.