## GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION v. RINNERT et al.

### No. 12234.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1948.

E. M. Friend, Jr., and J. P. Mudd, both of Birmingham, Ala., for appellant.

J. T. Stokely and M. L. Taliaferro, both of Birmingham, Ala., for appellees.

Before McCORD and LEE, Circuit Judges, and MIZE, District Judge.

LEE, Circuit Judge.

This suit in equity was brought by the judgment creditors of Virginia Woodson against the insurance company to reach proceeds of an insurance policy which covered liability of Miss Woodson as omnibus insured in the operation of a Chrysler car owned by her mother. The proceeding is statutory in nature and is provided for under § 12, Title 23, Code of Alabama 1940, The insurance company denies liability, predicating its denial on the theory that Miss Woodson breached the cooperation clause of the policy, relieving the company of liability.

Virginia Woodson, a minor, received her mother's permission to use the latter's automobile on the 21st of August, 1940. While the car was in Virginia's custody and traveling along a highway near Birmingham, Alabama, it was involved in a serious accident, from which negligence actions arose and were determined adversely to Miss Woodson. The judgments in these actions were unsatisfied after levy against Miss Woodson, and the plaintiffs now seek, under the above-mentioned statute, to recover from the insurance company carrying coverage on the automobile. The statute allows suit in equity against the insurance company and the insured to reach the proceeds of the policy after judgment against the insured is returned unsatisfied.

Carroll Watt, driving a Buick car, Lucius Colmant, Jr., driving a Dodge automobile, and one Robert Gunn, driving the Woodson Chrysler, were proceeding west on the highway in the order listed at high speed. A Ford automobile, driven by Mrs. J. C. Combs and having as passengers the plaintiffs and plaintiff's intestate, was proceeding east on the same highway, in its

proper lane. The Dodge driven by Lucius Colmant, veered onto the right shoulder of the highway, went out of control and, swinging back into the road, struck the rear bumper of the Buick a glancing blow, and, continuing to its left, passed onto the other side, striking the Combs car. The Chrysler, immediately behind Colmant, struck the Dodge. The net result was that the Combs car left the highway, and the death and the injuries for which judgments were awarded occurred. At the time of the collision, Virginia Woodson falsely stated that she was driving the Chrysler. Two considerations dictated this course: (1) the car had been placed in her hands by her mother with the admonition that she must not allow others to drive; and (2) Robert Gunn, a friend, was operating the car without benefit of an automobile operator's license. Virginia's friends who were riding in the Chrysler joined in this deceit. Statements to this effect were given the State Highway Department representatives, the appellant's attorney, and an insurance adjuster from the company insuring the Colmant automobile. On August 26, five days later, after the issuance of a manslaughter warrant against her, Virginia Woodson stated the true facts to her personal attorney, to plaintiffs' attorney, to the adjuster, and to appellant's attorney. Some ten months intervened before trial. In the interval, settlement negotiations were entered into, but no settlement was reached. Within a month after the accident, Virginia Woodson signed a non-waiver agreement with the insurance company. This agreement was made for the purpose of enabling the insurance company to defend the damage suits without disturbing the status quo or waiving any of its rights.

The present action was heard by the district court with an advisory jury. In answer to interrogatories made by the judge, the jury found Virginia Woodson did not breach Conditions 5 and 6 of the policy, Condition 5 having to do with sufficient notice of accident and its particulars and Condition 6 being the cooperation clause. The judge accepted the findings of the jury as his own and made independent findings, and finally ruled that there was no substantial breach of cooperation by Virginia Woodson such as would render the policy void.

The insurance company prosecuted this appeal, alleging there was error in the judgment for plaintiffs because, as a matter of law, Virginia Woodson breached the cooperation clause of the insurance contract to the company's prejudice.

As a matter of law, non-cooperation of a material and substantial nature precludes recovery on an automobile liability policy. Buffalo v. U. S. F. & G. Co., 10 Cir., 84 F.2d 883, U. S. F. & G. Co. v. Wyer, 10 Cir., 60 F.2d 856. It is to be emphasized, however, that Alabama law requires non-cooperation to be material and substantial. George v. Employers Liability Assurance Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438. All cases examined which have denied recovery as a matter of law because of false statements constituting non-cooperation by the insured are clear on their facts. In every one of them the false statements were repeated and persisted in for long periods and in most instances to or through the trial of the damage suits. Another line of cases holds the determination of material and substantial non-cooperation by the assured is a question of fact. These are cases where the materiality of the breach had to be determined before the law was applied.

To deny recovery in this case as a matter of law is to disregard the question of fact presented by the evidence as to whether Virginia Woodson's false statement, quickly corrected, did, as a matter of law, constitute material non-cooperation. A review of some of the cases is helpful in arriving at a conclusion of the question of materiality. The Buffalo and Wyer cases cited by the insurance company arose from the same fact situation and are excellent examples of material non-cooperation: Buffalo, an incompetent Indian, and his chauffeur were driving a car which struck Wyer's wagon and injured him. Buffalo made statements and persisted in them through the trial of a personal injury suit that the car had been stolen and that he

and the chauffeur were elsewhere at the time of the accident; proof to the contrary was introduced in the trial. Roberts v. Indemnity Ins. Co. of North America, W. Va., 171 S.E. 533, and Ohio Casualty Co. of Hamilton, Ohio, v. Swan, 8 Cir., 89 F. 2d 719, are cases in which the insured, by making false statements sought to induce payment by the insurance company to injured parties. In all these cases there was a persistent continuing falsification by the insured to and in some instances through the trial of the damage suit.

Pacific Indemnity Co. v. McDonald, 9 Cir., 107 F.2d 446, 131 A.L.R. 208, involved a factual situation very similar to the one before us. The court said 107 F.2d at page 449: "The first question upon the admitted facts is as to the effect of the false statement made twice on August 18th, two days after the accident, as to the cause of the accident, but withdrawn and repudiated on August 25th when the appellee admitted the statements of August 18th were false, and claimed that the falsehoods were the result of his fear of a criminal prosecution arising from having operated his car while intoxicated and thus injuring his guest, appellee Brune. Appellees claim that the appellant was not prejudiced by these falsehoods and that, consequently, under the law of Oregon McDonald did not breach the contract. The jury so decided. The appellant does not claim that it was prejudiced by the false statements but relies upon the claim that the false statements of such a material fact ipso facto breached the insurance policy. The question is one of local law and is controlled by the law of the state of Oregon where the policy issued, the accident occurred, and the case was tried."

The majority rule is that any misrepresentation to relieve the insurer must be material. Discussing the rule, the learned author in Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed. Vol. 6, Part 2, § 4059, pp. 74 and 78, said:

"Under and by virtue of the co-operation provision, the insurer is entitled to a truthful statement by the insured of the cause of the accident, and other facts in connection therewith, in order that the company may determine for itself whether or not to contest the claim; and a material breach of such a condition is frequently shown by the insured's refusal to give the company whatever information he has respecting the claim which has been filed against him, or where he willfully misinforms the company concerning essential facts."

"However, in order that there may be a breach of the condition requiring the insured to cooperate with liability insurer, so as to avoid the latter's liability under the policy, lack of cooperation must be material; and it has been held necessary, in order to establish a defense under such a provision, that the insurer show that the failure of the insured to co-operate with it was of such gravity as to prejudice it, but there is authority to the effect that a violation releases the insurer regardless of actual prejudice."

The majority rule is followed in Alabama insofar as it requires the misstatement to be material. See George v. Employers Liability Assurance Corp., 219 Ala. 307, 122 So. 175; Metropolitan Cas. Ins. Co. of New York v. Blue, 219 Ala. 37, 121 So. 25; Employers Insurance Co. of Alabama v. Brock, 233 Ala. 551, 172 So. 671. Whether or not the insurance company must show prejudice to its cause by the violation complained of is not clear from the Alabama decisions.

While the insurance company alleges it was prejudicially affected by Virginia's statement, those allegations are not backed by any substantial proof. The burden of proving prejudicial injury was with the insurance company. This burden it did not discharge to the satisfaction of the district judge, nor has it discharged it to our satisfaction. Virginia's false statement was inspired by a desire to shield herself and her young friend and was not intended to react against or prejudice the insurance company: Virginia was only sixteen years of age and her statements were made immediately after a serious accident and before any clear process of reasoning could be engaged in. Furthermore, after a lapse of only five days, a correction was made. The misstatement was corrected long prior to the trial of the causes which resulted in the judgments; the insurance company

had the facts and was in position to settle if it saw fit to settle, to defend if it saw fit to defend, as it did. With the exception of the misstatement that she was driving the car, as originally made, there was no variance in her testimony given at the trial as to the accident from the statements she originally made. Since the only failure to cooperate charged by the insurance company is the original misstatement, which was promptly corrected, we agree with the lower court that there was cooperation within the terms of the policy, and that no prejudice to the insurer of a substantial and material nature resulted.

The judgment appealed from is affirmed.