174 So.2d 321

**Ethel T. CLIFTON**

v.

**Jeanette CRUSE et al.**

**7 Div. 661.**

Supreme Court of Alabama.

April 15, 1965.

Simmons & Wright, Gadsden, for appellees.

Inzer, Martin, Suttle & Inzer, Gadsden, for appellant.

HARWOOD, Justice.

The appellant, Ethel T. Clifton, was injured while riding as a member of a car pool in an automobile owned and operated by Mrs. Jeanette Cruse. The appellee, the Alabama Farm Bureau Mutual Casualty Insurance Company, was the casualty insurer of Mrs. Cruse's automobile.

Mrs. Clifton thereafter filed suit against Mrs. Cruse. Because of alleged non-cooperation by Mrs. Cruse, which was fully made known to the court, the attorney for the insurer withdrew from the case on the day of the trial after Mrs. Cruse had failed to appear. This was on 3 April 1963.

On that date a judgment nil dicit was rendered against Mrs. Cruse, and a writ of inquiry executed on 4 April 1963. Mrs. Clifton's damages were assessed at $18,000.

Thereafter, Mrs. Clifton, proceeding under the provisions of Sections 11 and 12 of Title 28, Code of Alabama 1940, filed a bill in equity seeking to enforce her alleged lien against Alabama Farm Bureau Mutual Casualty Insurance Company, the insurer.

After an extended hearing the lower court entered a decree dismissing Mrs. Clifton's bill, and this appeal is from that order.

The policy issued by the insurer contains the following provision:

"Assistance and cooperation of the Insured: The insured shall cooperate with the Company and upon its request, attend hearings and trials, assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident."

The evidence introduced below tends to show that Mrs. Clifton received an apparently rather severe back injury when Mrs. Cruse drove her automobile across a dip in a road. Upon discovery that Mrs. Clifton was injured Mrs. Cruse drove her to a hospital. This occurred on 26 October 1961. That same day Mrs. Cruse reported the accident to an agent of the insurer, and within a few days gave a statement of the facts to the appellee. About thirty days after the accident the insurer cancelled her policy and Mrs. Cruse experienced difficulty in obtaining other insurance.

On 13 April 1962, Mrs. Clifton filed suit against Mrs. Cruse seeking damages for her injuries. Upon being served with suit papers the same were delivered to the insurer by Mrs. Cruse's husband.

By letter dated 23 May 1962, counsel for the insurer, Parker and Salmon, of Montgomery, wrote Mrs. Cruse that defense of her suit had been assigned to Mr. Clarence Simmons, an attorney of Gadsden, Alabama. Mrs. Cruse was requested to contact Mr. Simmons immediately and give him her version of the accident, and to write a complete account thereof. She was advised of her right to employ counsel of her own choosing. She was further requested to advise Mr. Parker of her telephone number, and to keep Mr. Parker and Mr. Simmons advised at all times of her current mailing address.

This letter was completely ignored by Mrs. Cruse.

On 26 June 1962, Mr. Simmons wrote Mrs. Cruse advising her he was most anxious to confer with her; that he noted that she worked five days a week and suggested she contact him on a Saturday after calling and setting up a definite appointment. This letter was ignored by Mrs. Cruse because, she testified, her policy had been cancelled and she had already given a statement.

On 15 October 1962, Mr. Simmons wrote Mrs. Cruse that Mrs. Clifton's suit against her had been set for trial on 14 November

1962. She was again urged to contact Mr. Simmons and to call collect to set up an appointment. The letter also stated that Mrs. Kilpatrick, one of the passengers in Mrs. Cruse's car at the time of the accident, had refused to give the insurer's adjuster a statement, and she was asked to try and get Mrs. Kilpatrick to come to Mr. Simmons' office with her. In response to this letter, Mrs. Cruse had her mother call Mr. Simmons to tell him that Mrs. Cruse was pregnant and could not attend the trial. At Mr. Simmons' request the mother had Mrs. Cruse's doctor forward a letter to Mr. Simmons as to Mrs. Cruse's condition, and on the basis of this letter Mr. Simmons obtained a continuance of the case.

On 20 March 1963, Mr. Simmons again wrote Mrs. Cruse that Mrs. Clifton's case had been again set for trial on 3 April 1963, and again asked her to contact him. He further requested her to write the names of all possible witnesses in order that they might be subpoenaed at least two weeks before trial. Mr. Simmons also informed Mrs. Cruse that the insurer could withdraw their defense of her case and any liability for any judgment rendered against her if she failed to cooperate, and stated: "This letter is to urge you to immediately contact this office and make an appointment so we may go over this case in detail * *."

Mrs. Cruse testified she did not respond to the urgings of this letter "because the children got sick, and I was all wrapped up with them, and I thought it was more important to see after the children at home than to be in court, and I didn't know anything about court. That's the first time I had ever been in a case."

On 29 March 1963, Mr. Simmons again wrote Mrs. Cruse sending the letter by registered mail, return receipt demanded. This letter was receipted for on 30 March 1963 by Mrs. Cruse's mother, and was delivered to Mrs. Cruse by her mother on or before the night of 2 April 1963. Mr. Simmons called Mrs. Cruse's attention to his prior letters and stated that he had been instructed to withdraw his appearance in the case if she did not contact him before the day of the trial, and that he would inform the court that the insurer was withdrawing coverage in the matter. Again Mrs. Cruse paid no attention to this letter and testified she did not contact Mr. Simmons, or have anyone contact him and tell him of her children's illness.

On the day of trial (3 April 1963), after making strenuous efforts to locate Mrs. Cruse in the courthouse, Mr. Simmons in open court informed the court of his efforts to have Mrs. Cruse contact him, and of her notification of the trial date, and because of her utter lack of cooperation and violation of the cooperation clause of the policy "we are withdrawing our appearance." The court granted Mr. Simmons' request to withdraw his appearance in behalf of Mrs. Cruse. Thereafter, as before stated, a nil dicit judgment was taken against Mrs. Cruse, with the writ of inquiry following on 3 April 1963, assessing damages at $18,000.

Several days thereafter, Mr. Simmons, after being informed by Mrs. Clifton's attorney of the rendition of the judgment wrote Mrs. Cruse and told her of the information he had received relative to the judgment. She was informed by Mr. Simmons that he had withdrawn from the case, and he was writing her strictly as an individual and not as an attorney for the insurer. She was advised that if she saw fit to attempt to have the judgment set aside she should make such an attempt within thirty days. However, Mrs. Cruse never filed a motion for a new trial, and never attempted to have the judgment set aside on the grounds of accident, mistake, etc., under the four months statute.

Execution was issued against Mrs. Cruse on 6 May 1963, and returned "no property found." Thereafter, Mrs. Cruse testified she talked to a circuit judge of Etowah County and informally to an attorney she met in the courthouse. She did not know this attorney's name. Certainly she never

employed any attorney to seek to set aside the judgment.

In August 1963, a garnishment was issued against Mrs. Cruse's wages, and it was then she employed an attorney. It appears that until Mrs. Cruse's own purse was touched by the garnishment proceedings, she was content to treat everything connected with her defense as of no concern to her, after having given her first statement a few days after the accident.

The evidence further shows that during the pendency of Mrs. Clifton's suit, Mrs. Cruse moved from her address of Route 1, Boaz, Alabama, to Owen's Cross Roads, where her address was Route 2, Boaz, Alabama. She never informed the insurer of this change of address. This does not seem particularly material however since Mrs. Cruse admitted receiving all the letters addressed to her.

It further appears that while Mrs. Cruse did not have a telephone in her home, at Owen's Cross Roads there were several telephones in the community and Mrs. Cruse had on occasions used such phones in making calls. She made no attempt, however, to telephone Mr. Simmons, collect or otherwise, to tell him of her children's illness prior to the second trial of Mrs. Clifton's case on 3 April 1963.

The decree below fully sets forth the evidence, and its findings thereon, and further sets forth:

"The question for this Court's decision is whether Mrs. Cruse, under the facts above stated, breached said policy provisions. As much as the Court would desire that Mrs. Clifton receive payment for her evidently severe injuries, the Court is reasonably satisfied from the evidence that Mrs. Cruse did not cooperate with her liability carrier's attorneys, that such lack of cooperation was very substantial and material, and that she breached said assistance and cooperation clause in the policy. The breach of the terms of the policy imposing the obligation of cooperation upon Mrs. Cruse are effective against Mrs. Clifton's recovery in this matter."

Counsel for appellant argues that the doctrine of George v. Employers' Liability Assur. Corporation, 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438, necessitates the conclusion that the court below erred in dismissing the appellant's bill. In the George case, supra, the insured in the course of his business had moved to the State of New York and was living there at the time of the trial, and did not appear at the trial after notice by the insurer to do so. Before leaving for New York the insured had made a complete statement to the insurer and had conferred with its agents a time or two. The insurer's counsel prepared the case for trial, procured the names of the parties acquainted with the facts, filed pleadings and interrogatories to the plaintiff, but on the day of the trial, assured not being present, withdrew from the case, the court declining to continue it. No effort had been made to get the deposition of the assured, nor was there any tender to the assured of his expenses to come to Alabama from New York. A judgment nil dicit was entered against the tort feasor. Thereafter, suit was brought against the insurer under the provisions of the precursors of Sections 11 and 12, supra.

The court held that the facts as above delineated, which were disclosed by the pleadings only, did not show such a want of cooperation by the insured as to avoid the contract and deny recovery by the injured party. On rehearing the court extended and adhered to its original conclusion in this aspect, but set forth that the meaning of the Code sections (now Sections 11 and 12, supra) taken together, is that "while the injured party acquired a vested interest, it was in the nature of an hypothecation of the amount (if any) due by the insurer to the insured, and that the terms of the policy, imposing obligations on the insured are effective against the injured party."

The facts of the present case differ so materially from the facts in the George case, supra, as to render the opinion in the George case, supra, of no real persuasive influence.

As stated in Employers Insurance Co. of Alabama v. Crook, 276 Ala. 177, 160 So.2d 463:

"We may not see clearly that his conclusion is right; but we must see clearly that it is wrong, or it is supported by the presumption of correctness the law commands us to indulge. Marlowe v. Benagh, 52 Ala. 112."

When a trial court hears evidence ore tenus, its rulings will not be disturbed on appeal unless plainly or palpably wrong. Benson, Executrix v. Jefferson Mortgage Co., 276 Ala. 72, 159 So.2d 191.

We consider the evidence presented below ample to support the conclusions and rulings of the trial court, and can find no basis that would justify our concluding that error infected the decree rendered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.