301 So.2d 93

**NATIONAL SURETY CORPORATION, a corporation, et al.**

**v.**

**Darrell SANDERS and Harold Crawford, d/b/a Crawford Cattle Company.**

**Civ. 403.**

Court of Civil Appeals of Alabama.

Sept. 25, 1974.

Hill, Hill, Carter, Franco, Cole & Black and Philip S. Gidiere, Jr., Montgomery, for appellants.

Jones, Murray, Stewart & Yarbrough and Joel F. Dubina, Montgomery, for appellees.

HOLMES, Judge.

The dispositive issue presented by this appeal is whether § 485 of Tit. 28A, Code of Alabama 1940, as amended, (referred to by some as our "reach and apply" statute), affords, as the trial court so found, to the plaintiff-appellee a right of recovery against defendant-appellant. If the statute in question does afford such a right, the case is due to be affirmed; if it does not, the case is due to be reversed and remanded.

The case was tried before the learned trial judge without a jury and was presented to him on a stipulation of the facts. The stipulation reveals the following.

The defendant-appellant, hereinafter referred to as the insurance company, issued a motor carrier liability insurance policy to one Jordan Cattle Company, et al. Jordan Cattle Company, who was in the business of transporting livestock, undertook on two

separate occasions to transport certain cattle owned by plaintiff. On both occasions the cattle were injured, lost or destroyed in transit.

Thereafter, in January 1971, Jordan Cattle Company filed a proof of loss with the insurance company and the insurance company paid the claim to Jordan Cattle Company in that same month. Within approximately a week after payment of the claim to Jordan Cattle Company, the plaintiff, by telephone, notified the insurance company of its loss and approximately one week thereafter notified the insurance company that it had filed suit against Jordan Cattle Company.

A judgment was obtained against Jordan Cattle Company and in favor of the plaintiff. The plaintiff then, pursuant to Tit. 28A, § 485, Code of Alabama, filed suit against the insurance company and recovered a judgment thereon. It is from this judgment that this appeal is taken.

Tit. 28A, § 485, Code of Alabama 1940, as amended, provides as follows:

"Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty (30) days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurer to reach and apply the insurance money to the satisfaction of judgment."

The basic contention of appellant, which underlies all seven of its assignments of error, is that having previously paid the claim to the insured (Jordan Cattle Company), all of its obligations under the policy were fulfilled. Therefore, no obligation remaining from the insurer to the insured, there was no obligation existing from the insurer as to the injured third party (plaintiff-appellee).

The response of appellee is that liability insurance is for the benefit of the injured third person and not the insured. This being so, appellee contends, the appellant paid the wrong person and such payment to the wrong person is no defense in this suit.

■ The code section involved is more than a procedural statute, and gives the injured party a vested interest (secondary) by way of hypothecation in the amount due the insured by the insurer of the rendition of the judgment against the insured. Macey v. Crum, 249 Ala. 249, 30 So.2d 666; George v. Employers' Liability Assur. Corporation, 219 Ala. 307, 122 So. 175, 72 A. L.R. 1438. This "reach and apply" statute of our state is a replica of the Massachusetts statute and, as our supreme court stated in Macey v. Crum, *supra,* we follow the customary canon of construction and adopt the interpretation accorded the statute by the Massachusetts Supreme Court.

■ It is clear to this court that the party suffering actual injury as a result of the lost cattle was the appellee and not the insured. And, it is also clear to this court that the insurance policy in force, while for the protection of the insured, is also for the benefit and protection of the injured party. 44 Am.Jur.2d, Insurance, § 1576. The following provisions of the policy in question seem to indicate a recognition even by the insurer that the insurance is for the benefit of the injured party:

"12 NOTICE OF LOSS. . . . This Company shall have the right to adjust and settle losses hereunder with the actual owners of the property.

. . . . . .

"14 ADMISSION OF LIABILITY. The Insured shall not voluntarily admit any liability nor settle any claims . . . without the specific authority of the Company, nor shall they interfere with any negotiations for settlements carried on between this Company and the owners of the property. . . ."

While this precise fact issue was not before the Massachusetts Supreme Court, that court, in interpreting its "reach and apply" statute, in Goldstein v. Bernstein, 315 Mass. 329, 52 N.E.2d 559, 561, stated:

"After a cause of action has accrued to the injured persons against the insured, then the parties to the contract of insurance cannot by any release, agreement or collusion destroy the rights of the injured persons in the indemnity. G. L. (Ter.Ed.) c. 175, § 112. Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374; Spann v. Commercial Standard Ins. Co., 8 Cir., 82 F.2d 593; Rushing v. Commercial Casualty Ins. Co., 251 N.Y. 302, 167 N.E. 450; Zimmerman v. Union Automobile Ins. Co., 133 Or. 600, 291 P. 495; Graham v. United States Fidelity & Guaranty Co., 308 Pa. 534, 162 A. 902; Bachman v. Monte, 326 Pa. 289, 192 A. 485; Finkelberg v. Continental Casualty Co., 126 Wash. 543, 219 P. 12."

Also, in 8 Appleman, Insurance Law and Practice, § 5020, it is stated that it is the general rule that an injured person's rights cannot be defeated by a cancellation or settlement after an accident has occurred.

■ Appellee's cause of action arose immediately upon the happening of the accident and, to this court in this instance, such right cannot be destroyed by subsequent attempts between the insurer and insured to cancel, release, or settle the claim.

To hold otherwise would be to deny the injured party the protection and benefit of Tit. 28A, § 485, Code of Alabama 1940, and would, in effect, render the section virtually useless. In Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58, a case applying §§ 8376 and 8377 of the Alabama Code of 1923 (predecessor of our current "reach and apply" statute) to an automobile liability policy approved under the Contract Motor Carrier Act, our own supreme court recognized that the public would not be adequately protected if the assured and insurer could stipulate so as to defeat the rights of the injured party.

■ Our supreme court, in George v. Employers' Liability Assur. Corporation, *supra,* quoting with approval from Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374; and Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761, pointed out that:

"' * * * "The insurer, by issuing a policy of casualty insurance, impliedly agrees to be governed by the terms of the statute and to consent that his obligation to the insured shall, to the extent of a judgment recovered by a third person against the assured for a casualty covered by the insurance, be hypothecated for the benefit of such third person."' . . ." (219 Ala. at 310, 122 So. at 176)

It is therefore this court's conclusion that the statute in question does afford a remedy to the plaintiff-appellee and as the issues are framed by the assignments of error, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.