**UNITED STATES FIRE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**Daisy WATTS and Travis Cooper, Jointly and Severally, Defendants.**

**Civ. A. No. 3338–64.**

United States District Court
S. D. Alabama, S. D.
June 14, 1965.

396

Paul W. Brock, of Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for plaintiff.

Ben H. Kilborn, of Kilborn, Darby & Kilborn, Mobile, Ala., for defendant Watts.

Samuel L. Stockman, Blackmarr & Stockman, Mobile, Ala., for defendant Cooper.

THOMAS, District Judge.

This is an action for a Declaratory Judgment on an Automobile Liability Insurance Policy brought by the United States Fire Insurance Company, a corporation, the insurer, against Daisy Watts and Travis Cooper.

## FINDINGS OF FACT

1. Plaintiff Insurance Company issued its Automobile Liability Insurance Policy, insuring J. D. Burke and F. N. Cooper, doing business as Burke and Cooper Construction Company, for a one year period commencing April 1, 1962.

2. During the term of said policy and on October 10, 1962, a pickup truck of Burke and Cooper Construction Company, which was covered by said policy of insurance, was involved in a wreck on Moffat Road in the City of Mobile, Alabama. As a result of this wreck, the Defendant, Daisy Watts, who was a passenger in said vehicle, received serious injury for which she filed suit on January 30, 1963, in the Circuit Court of Mobile County, Alabama, against Burke and Cooper and the Defendant, Travis Cooper.

3. The suit in the Circuit Court of Mobile County, Alabama, was tried in April of 1964, and resulted in verdict and judgment on the Wanton Count in favor of the Defendant, Daisy Watts, against the Defendant, Travis Cooper, for the sum of $30,000.00, plus costs, all other counts and defendants having been charged out by the Trial Court.

4. Misrepresentations were made by the insured, Travis Cooper, to the insurer, concerning his whereabouts and drinking prior to the accident. These misrepresentations were all made prior to trial and were that he had not, prior to the accident, been drinking and had not been in a Tavern known as the Tarpon Lounge. In fact he had had some beer and had been in the Tarpon Lounge.

A. Two days after the accident on October 12, 1962, he gave a written statement to the adjuster working on behalf of the insurer, the Plaintiff herein, in which he denied having had anything to drink of an alcoholic nature.

B. After suit was filed, he gave another statement under date of April 11, 1963, wherein he reiterated that he had had nothing to drink of an alcoholic nature, either whiskey or beer, prior to the accident.

C. In his pre-trial deposition taken August 1, 1963, he categorically denied he had had anything alcoholic to drink and specifically

denied having stopped at a tavern known as the Tarpon Lounge and drinking beer there prior to the accident. At the same deposition session, the accident claimant, Daisy Watts, testified that prior to the accident in question, both she and Travis Cooper had been in the Tarpon Lounge and that he had drunk four or five beers and was intoxicated.

D. After the deposition of August 1, 1963, the insurance adjuster working for the insurer made two or three trips to the Tarpon Lounge with Mr. Cooper, in which he again denied having been in said Tavern on the night in question and denied having anything to drink.

5. The day before trial of the personal injury action, the insured, Travis Cooper, admitted to the attorney hired by the insurer to defend him, that he had in fact been in the Tarpon Lounge prior to the accident and had had two beers. During the trial he testified truthfully as to his whereabouts and drinking prior to the accident. His trial testimony as to how the accident happened was consistent with his written statement of October 12, 1962; his written statement of April 11, 1963; his pre-trial deposition of August 1, 1963; and his written statement of April 13, 1964, to the effect that the accident occurred while he was driving a pickup truck at approximately thirty-five miles per hour, was blinded by lights of oncoming traffic, which caused him to pull to the right, hit a defective shoulder, lose control of the truck and strike a concrete abutment.

6. Prior to trial and the admission by its insured, Plaintiff United States Fire Insurance Company had the following information as to Travis Cooper's drinking prior to the accident:

A. Statements taken from eye witnesses, James Ready and Tony Carlisle, March 11, 1963, that they smelled alcohol on Travis Cooper's breath.

B. The deposition of Daisy Watts taken August 1, 1963, in which she stated she and Travis Cooper had been in the Tarpon Lounge prior to the accident and Travis Cooper had been drinking.

C. Statement taken from eye witness, George Gillis, February 18, 1964, in which he stated he could smell alcohol on Travis Cooper's breath.

7. Approximately ten days to two weeks prior to the trial of the personal injury action, the attorney for the personal injury claimant, Daisy Watts, informed the attorney hired by the insurer to defend the insured, Travis Cooper, that Travis Cooper had sworn falsely in his deposition of August 1, 1963, and that the Plaintiff expected to prove at trial that Travis Cooper had in fact been in the Tarpon Lounge on the night of the accident in question and had been drinking.

8. During settlement negotiations prior to and during trial, the attorney for the claimant, Daisy Watts, offered to settle her claim for $15,000.00, but the insurer would only agree to pay $10,000.-00, even though it had full knowledge of its insured's prior false statements.

9. On the morning of trial in the Circuit Court of Mobile County, Alabama, but prior to its commencement, the insurer, acting by and through its attorney, ~~Paul Brock~~, obtained from Travis Cooper a Non Waiver Agreement in which the insurer agreed to defend the pending personal injury action, but reserved its right to later deny coverage.

10. No motion for a continuance was requested by the insurer and the case proceeded to trial. No attempt was made by the insurer prior to trial to correct Cooper's deposition or restrict comment thereon during trial.

11. During the course of trial, the attorney representing the United States Fire Insurance Company and defending under the reservation of rights or non waiver agreement, filed affirmative pleas in which the liability of the insured to the accident claimant was sought to be avoided on the grounds that the Defendant,

Travis Cooper, had been drinking on the night in question, was drunk at the time of the accident, and it was contributory negligence on the part of Daisy Watts, barring her recovery under the simple negligence count of the complaint for her to ride in the truck with the Defendant, Travis Cooper, under such circumstances.

12. After the trial of said cause, the insurer, acting by its attorney, ~~Paul Brock~~, obtained another non waiver agreement in which it reserved the right to deny and question coverage, because of Travis Cooper's misrepresentation, and acting under said reservation of rights agreement filed a motion for a new trial and appealed to the Supreme Court of Alabama, after the motion for a new trial was denied. Thereafter, this action followed.

13. The Court finds there was no collusion at any time between the insured, Travis Cooper, and the accident Claimant, Daisy Watts.

14. The insurance policy in question provides in part as follows:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits.

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been fully determined either by a judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

15. The misrepresentations of the insured, Travis Cooper, as to his whereabouts and conduct prior to the accident, did not constitute a substantial and material breach of the cooperation clause of the insurance policy.

16. The insurer was not prejudiced by the misrepresentations of the insured, having had knowledge of the insured's drinking as much as thirteen months prior to trial.

CONCLUSIONS OF LAW

1. The Court has jurisdiction in this cause under Title 28 U.S.C. § 1332.

2. The sole question in this case is whether, under the circumstances of this case, the misrepresentations of the insured, Travis Cooper, as to his whereabouts and conduct prior to the accident, constituted a breach of the cooperation clause of the insurance policy relieving Plaintiff Insurer of its obligation to defend and pay the judgment which was rendered against Travis Cooper.

3. Under Alabama law non-cooperation of a material and substantial nature precludes recovery on an automobile liability policy. General Acc. Fire & Life Assur. Corp. v. Rinnert, 5 Cir., 170 F.2d 440. George v. Employers' Liability Assurance Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438.

4. What constitutes a failure of cooperation by the insured is usually a question of fact, Employers Insurance Company of Ala. v. Crook, 276 Ala. 177, 160 So.2d 463, and the burden of proof to establish non-cooperation rests upon the insurer. Id.

5. Lying can constitute a breach of the cooperation clause, if it is to a substantial and material matter. Standard Accident Insurance Company of Detroit, Michigan v. Winget, 9 Cir., 197 F.2d 97, 34 A.L.R.2d 250. General Acc. Fire and Life Assurance Corporation v. Rinnert, supra. But forfeitures are not favored, Employers Ins. Company of Alabama v. Crook, supra. The want of cooperation involves more than the factum of an incorrect statement by the insured. When the insurer has in its possession prior to trial facts from which it can make decision to settle, if it sees fit to settle, and defend, if its sees fit to defend, so as not to be caught by surprise in the trial of the case, then a false state-

ment which has been withdrawn or corrected does not as a matter of law void the policy for non-cooperation. Standard Accident Insurance Company of Detroit, Michigan v. Winget, supra; General Acc. Fire and Life Assurance Corporation v. Rinnert, supra.

■ 6. The Court finds that the insured's false statements made prior to trial, but corrected by him before trial, under the facts of this case, did not constitute breach of the cooperation clause so as to work a forfeiture of the policy.

■ 7. Plaintiff, United States Fire Insurance Company, owed to the Defendant, Travis Cooper, a defense of the claim brought by Daisy Watts and is responsible for the payment of the judgment against the Defendant, Travis Cooper.

8. Title 28, Section 12 of the Code of Alabama (Recompiled 1958) provides as follows:

"Upon the recovery of a final judgment against any person, firm or corporation by any person including administrators or executors, for loss or damage on account of bodily injury or death, or for loss or damage to property, if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurance company and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment."

■ A judgment against the Defendant, Travis Cooper, having been entered April 16, 1964, for $30,000.00 and more than thirty days having elapsed since the judgment became final, judgment will be entered herein on behalf of the Defendant, Daisy Watts, and against the Plaintiff, United States Fire Insurance Company, a corporation, for $30,000.00, plus interest at the rate of 6% per annum from April 16, 1964, plus cost of the Mobile County Circuit Court Action.

## JUDGMENT

This cause coming on for final hearing on the pleadings and proofs of the respective parties, and having been argued and submitted, and the Court after due deliberation having now entered its findings of fact and conclusions of law herein, it is

Ordered, adjudged and decreed that a judgment is entered in favor of the defendants. The policy was in full force and effect and under the terms thereof the Plaintiff owed the Defendant, Travis Cooper, a duty to defend the personal injury action arising out of the accident of October 10, 1962. And must represent the Defendant, Travis Cooper, in the appeal pending in the Supreme Court of Alabama.

And it further appearing to the Court that the judgment which was entered by the Circuit Court of Mobile County, Alabama, on April 16, 1964, was entered for $30,000.00, plus costs, and has not been paid;

It is ordered, adjudged and decreed that the Defendant, Daisy Watts, recover of the Plaintiff, United States Fire Insurance Company, a corporation, $30,000.00, plus interest at the rate of 6% per annum from April 16, 1964, plus all costs incurred in that cause lately pending in the Circuit Court of Mobile County, Alabama, as Case No. 9247 and styled: Daisy Watts v. Travis Cooper.

Costs of this proceeding are hereby taxed against the Plaintiff, United States Fire Insurance Company.