140 So. 441

## FT. DEARBORN INS. CO. et al. v. HEATON.

### 7 Div. 94.

Supreme Court of Alabama.

March 17, 1932.

C. J. Griffith, of Birmingham, for appellants.

McCord & McCord, of Gadsden, for appellee.

ANDERSON, C. J.

Petition or bill in equity under sections 8376, 8377 of the Code of 1923, to subject the proceeds of an insurance policy to a judgment obtained against the insured for injuries sustained by an automobile driven by said insured and covered by said policy.

The first insistence as to error was the failure of the trial court to sustain the appellants' seventeenth ground of demurrer, which reads as follows: "For that from aught appearing said contract of insurance described in said bill was entered into prior to the adoption of Section 8376 and Section 8377 of the 1923 Code of the State of Alabama."

We think the bill negatives any such idea; it says the policy was issued covering a period from "noon on the 12th day of May, 1930, to noon on the 12th day of May, 1931." It also gives the number of the policy and describes a Ford car as "Model—A. roadster, year 1930." It cannot be reasonably inferred that a policy was issued before the adoption of the Code of 1923 on a car not put upon the market until seven years thereafter and covering a period between May 12, 1930, and May 12, 1931. Moreover, there was no ground of demurrer for a failure of the petition to give the date of the issuance of the policy and it was prima facie the day it went into effect, to wit, May 12, 1930.

The second contention is that the bill fails to specifically charge that the automobile driven by Eady, the insured, was the one covered by the policy. It is sufficient to say, we find no ground of demurrer raising this point and the facts set out sufficiently cover the automobile insured as against a general demurrer for want of equity.

It is next and lastly insisted that our statutes, sections 8376, 8377 of the Code of 1923, violate the Fourteenth Amendment to the Federal Constitution. Counsel candidly admits that our case of Federal Automobile Ins. Association v. Abrams, 217 Ala. 539, 117 So. 85, is contrary to his insistence, but seeks to persuade us to depart from the holding in said case. We regard said case as sound and supported by well-considered authorities there cited and decline to recede from the position there taken. See, also, the case of George v. Employers' Liability Corporation, 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438, and cases there cited.

The trial court did not err in overruling the demurrers to the bill or petition, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.