162 So. 103

**AMERICAN FIDELITY & CASUALTY CO.
v. WERFEL et al.**

3 Div. 123.

Supreme Court of Alabama.
May 23, 1935.

Rehearing Denied June 20, 1935.

Hill, Hill, Whiting Thomas & Rives, of Montgomery, for appellees.

John S. Tilley, of Montgomery, for appellant.

THOMAS, Justice.

The bill was filed under sections 8376, 8377, of the Code to have applied to the satisfaction of a judgment for complainant against the individual respondent the insurance money provided for in the contract with the respondent casualty company.

The demurrers were overruled; hence this appeal. The questions presented by the ruling and several grounds of demurrer will be grouped and so considered.

The bill is illustrated by a copy of the insurance policy, referred to and made a part thereof. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

It is insisted that these statutes (sections 8376, 8377) impair the obligation of the contract and are unconstitutional (Const. U. S. art. 1, § 10). They permit the injured party to subject to the satisfaction of his judgment assured's rights under the policy as an equitable asset in the nature of a lien—extending the policy to an indemnity against liability. Continental Auto Ins. Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883. And it has been further held that such an injured party has an interest therein, in the nature of hypothecation. George v. Employers' Liability Assur. Corporation, Limited, of London, England et al., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438.

In short, the statute has been upheld by our recent decisions: Kratz et al. v. Bonner, 228 Ala. 607, 155 So. 77; Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 117 So. 85; Ft. Dearborn Ins. Co. et al. v. Heaton, 224 Ala. 334, 140 So. 441; George v. Employers' Liability Assur. Corporation, Limited, of London, England et al., supra.

It is further insisted, that the averment that Graham was insured on the 27th of June, 1933, when injury was sustained, was a conclusion of the pleader, and it is not shown that the terms and conditions of the contract of insurance were performed by the assured. The policy exhibited was countersigned and issued on February 4, 1933, for the period of one year, which extended to and was in force on the date of complainant's injury; was duly indorsed to make it "effective from the 4th day of February 1933."

The policy contained, among others, the provision: "It is also understood and agreed that this policy shall not be cancelled by the Company except upon and after ten days' notice in writing to the Board of Commissioners of the City of Montgomery, Alabama."

Unless respondents affirmatively show such due notice of cancellation, the contract of insurance remained in full force and effect.

The conditions contained in the contract, permitting defensive matter, are not conditions precedent to liability, requiring complainant to plead compliance. This subject is dealt with in National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474, where the date of injury and the duration of the contract extending beyond the time of injury are specifically averred, when the bill and exhibits are considered together (Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90); that pleading was not subject to the ground of demurrer challenging its sufficiency of the averment of an injury occurring within the life of the contract. Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 117 So. 85.

This suit being brought by the party injured, the burden was on respondents, having the means of knowledge, to duly allege and prove the breach by insured of the terms of the policy (as for non-co-operation that destroyed the policy), if such breach existed that defeated liability. George v. Employers' Liability Assur. Corporation, Limited, of London, England et al., supra.

The insurance contract specifically provided that if the assured became a bankrupt, or was insolvent, and an execution against him was returned unsatisfied, suit may be maintained against the casualty company. It is insisted that this provision gave complainant a complete and adequate remedy at law, and defeated the right to proceed in equity.

However, a sufficient answer to this insistence is that the right to sue in equity is conferred by the statutes (Code, §§ 8376, 8377), and these statutes were read into and became a part of the contract of insurance. Continental Auto Ins. Underwriters v. Menuskin et al., 222 Ala. 370, 372, 132 So. 883. Equity jurisdiction, having been conferred by statute, was not dependent upon or affected by an absence of a remedy at law. Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357. That jurisdiction, being conferred by statute, was not defeated by a contract agreement conferring like jurisdiction upon a court of law as well.

The demurrer presents the question that complainant's judgment was for willful or wanton conduct, and included punitive damages, and that such damages would not be "on account of bodily injury" or death within the meaning of sections 8376, 8377, of the Code. The bill alleges that the judgment was based on a pleading claiming damages for personal injuries. A recovery for a willful or wanton act may be had only where a personal injury is sustained. The policy, being broad enough to cover personal injury or death as the result of an accident occurring while the policy was in force, was therefore broad enough to cover liability for death, and recovery under the homicide statute (section 5696, Code) for wrongful death. This recovery would have been for punitive damages purely. It may not be successfully contended that the policy did not protect against punitive damages for bodily injuries so inflicted. That is, under the statutes (sections 8376, 8377, Code) the injured party assumes the place of the assured, acquires a "vested interest" in the nature of an hypothecation of the right, as was declared in George v. Employers' Liability Assur. Corporation, Limited of London, England et al., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438.

This result follows, since the assured, after having had rendered against him and paying a judgment for personal injuries, which included punitive damages, might have had a recovery from the defendant casualty company upon the policy. By virtue of the statute, the party injured succeeds to the same rights.

The foregoing is sufficient to indicate there was no error in overruling the demurrer to the bill.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.