**Ann P. BURFORD, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. CV85–L–3138–S.**

United States District Court, N.D. Alabama, S.D.

July 29, 1986.

David M. Wooldridge, Sirote, Permutt, Friend, Friedman, Held & Apolinsky, Birmingham, Ala., for plaintiff.

Frank W. Donaldson, U.S. Atty., Caryl P. Privett, Asst. U.S. Atty., Birmingham, Ala.,

Helen Lokey, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

LYNNE, Senior District Judge.

This action comes before the Court on cross motions for summary judgment. The plaintiff has brought this action for a refund of federal income tax. She contends that settlement proceeds of an Alabama wrongful death claim are excludable from gross income under Internal Revenue Code § 104(a)(2), despite a Revenue Ruling that holds such proceeds to be taxable income. The Court agrees with plaintiff's contention that Alabama wrongful death proceeds fall within the plain language of Section 104(a)(2) and grants her motion for summary judgment.

### Factual Background

The facts that give rise to this action are neither complex nor disputed. Plaintiff Ann Burford pursued a wrongful death claim against the University of Alabama-Birmingham after her husband died during treatment at the U.A.B. Hospital. On August 15, 1984, the claim was settled before any lawsuit was filed; Mrs. Burford received $62,203.00 from the settlement after deduction of attorney's fees and costs.

Mrs. Burford included the settlement amount on her 1984 federal income tax return, then later amended her return to exclude that amount and claim a refund of $19,961.00. Mrs. Burford waited for more than six months for some indication from the Internal Revenue Service whether her claim would be allowed, then filed this suit.

### Discussion

The Internal Revenue Service's refusal to allow Mrs. Burford's claim is grounded upon the Service's recent Revenue Ruling 84–108, 1984–29 I.R.B. 5. This Ruling reversed the previous position of the IRS and stated that proceeds of a claim obtained under Alabama's wrongful death statute [1] are includable in the gross income of the recipient. The Court is of the opinion that Revenue Ruling 84–108 constitutes an unwarranted administrative amendment of the clear language of the Internal Revenue Code and cannot stand.

A.  *"Amounts received ... on account of personal injury"*

The Internal Revenue Code broadly defines "gross income" to mean all income from whatever source derived, except for those categories of income specifically excluded by other Code sections. I.R.C. § 61(a). Section 104(a)(2) defines one of these statutory exceptions, excluding from gross income "the amount of any damages received (whether by suit or agreement, and whether as lump sums or as periodic payments) on account of personal injuries or sickness." The dispositive question, therefore, is whether wrongful death proceeds fall within the "personal injuries" exception provided in Section 104(a)(2).

The starting place in the construction of any statute is with the language of the statute itself. The clear import of "any damages received ... on account of personal injuries" would seem to express clearly the Congressional intent to exclude wrongful death proceeds—regardless of whether those proceeds are classified as compensatory or punitive—from gross income. Indeed, this was the position of the Internal Revenue Service from its inception until July 16, 1984. *See* Revenue Ruling 75–47, 1975–1 C.B. 47. The Service's traditional position on punitive wrongful death proceeds was that "any damages, whether compensatory or punitive and whether a substitute for income or not, received on account of personal injuries or sickness are excludable from gross income." G.C.M. 35967 at 3, 4.[2]

---

1.  *Ala.Code* § 6–5–410 (1975). *Wrongful act, omission or negligence causing death.* "A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere, for the wrongful act, omission or negligence of any person, persons or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused ..."

2.  The Court recognizes that General Counsel Memoranda have no precedential value and

The Service's position was reversed, however, with the publication of Revenue Ruling 84–108, which specifically discussed Alabama's wrongful death statute and concluded that proceeds under that statute did not fit within the exception of Section 104(a)(2).[3] The Service noted that Alabama caselaw construing the wrongful death statute consistently has labeled damages obtained under that statute as punitive in nature. Revenue Ruling 84–108 concluded that proceeds are received under the statute "on account of" the enormity of the tortfeasor's wrongful act and not "on account of ... personal injury," as required by Section 104(a)(2).

Revenue Ruling 84–108 relies in large part upon *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955), which held that the punitive damage portion of a fraud and antitrust settlement constituted gross income. Such reliance is misplaced. In *Glenshaw Glass* the Service contended that, where the plaintiff had settled his claim against the defendant for $800,000, almost $325,000 of the total amount represented punitive damages. The Supreme Court agreed that the punitive damage portion of the settlement did constitute gross income. *Glensaw Glass* based this classification on the fact that such damages were paid *in addition to* the amount necessary to compensate the plaintiff for its losses, holding that "it would be an anomaly that could not be justified in the absence of clear congressional intent to say that a recovery for actual damages is taxable but not the additional amount extracted as punishment for

the same conduct which caused the injury." 348 U.S. at 431, 75 S.Ct. at 477.

The Court is of the opinion that Section 104(a)(2) is the "clear congressional intent" required by *Glenshaw Glass*, making the Service's reliance upon that decision misplaced. Only a contorted reading of Section 104(a)(2) could lead to the interpretation that wrongful death proceeds are not received on account of a personal injury. To contend that such proceeds are received only because of the tortfeasor's wrongful conduct and not because of a personal injury is neither logical nor realistic.[4]

The exclusion of damages received on account of personal injuries must extend to amounts received for one's death. The Service is correct in its statement that Alabama wrongful death proceeds are intended to punish and deter wrongdoers. This characterization does not alter the inescapable fact that a wrongful death action arises only upon a person's death. Other Alabama cases have recognized that a wrongful death action essentially is one for personal injuries. *American Fidelity & Casualty Co. v. Werfel*, 162 So. 103 (Ala. 1935), involved a statute allowing successful plaintiffs in actions for "bodily injuries" to require the defendant's insurer to satisfy the judgment. The court held that the statute applied to punitive damages obtained under Alabama's wrongful death act, rejecting the precise argument advanced in this case—that such damages are obtained for punitive rather than compensatory purposes. 162 So. at 106. In so holding, the *Werfel* case recognized the

---

quotes the above language only to demonstrate the Service's prior interpretation of Section 104(a)(2).

**3.** Rev.Rul. 84–108 also considered the wrongful death statute of Virginia, which it interpreted as allowing only compensatory damages, and stated that proceeds received under that statute were excludable from gross income.

**4.** Under the Service's present interpretation of Section 104(a)(2), the personal representative of a decedent killed in Alabama will see the settlement or damages proceeds cut in half (assum-

ing a 50% tax rate) by federal taxes. Those same proceeds would be obtained tax-free if the decedent was killed: (1) in another state, or (2) in Alabama under circumstances giving rise to a claim under the Federal Tort Claims Act.

Nor does this Court accept the Service's contention that footnote eight of the *Glenshaw Glass* opinion serves as authority for Rev.Rul. 84–108. The footnote is nothing more than dicta concerning punitive damages in a business context and offers no precedential or persuasive support for defendant's position.

wrongful death action as one for personal injuries.[5]

The plain language of Section 104(a)(2) therefore leads to the conclusion that damages received under any wrongful death act are personal injury proceeds and are excludable from gross income.[6] Accordingly, plaintiff's motion for summary judgment is due to be granted and defendant's cross-motion for summary judgment is due to be overruled.

## SUMMARY JUDGMENT

In conformity with the Memorandum Opinion of the Court contemporaneously filed herewith,

It is ORDERED, ADJUDGED and DECREED by the Court that the motion for summary judgment filed in behalf of plaintiff be and the same is hereby GRANTED, and that the motion for summary judgment filed in behalf of defendant be and the same is hereby DENIED.

It is further ORDERED, ADJUDGED and DECREED by the Court that plaintiff, Ann P. Burford, have and recover of defendant, United States of America, the sum of NINETEEN THOUSAND NINE HUNDRED SIXTY ONE AND NO/100 DOLLARS ($19,961.00), together with interest thereon as allowed by law, and the costs of court incurred herein.

It is further ORDERED by the Court that payment of the judgment, interest and costs recovered herein shall be made directly to the attorneys of record for plaintiff, and upon receipt thereof, such attorneys will satisfy the said judgment on the records of this court.

---

**5.** Related statute and case law support the determination that wrongful death proceeds are the result of personal injury. *Ala.Code* § 6–5–440 prohibits simultaneous actions "for the same cause and against the same party." This statute has been construed as prohibiting a personal representative from simultaneously pursuing recovery for personal injuries and wrongful death when both result from the same wrongful conduct. *See, e.g., Simmons v. Pulmosan Safety Equipment Corp.,* 471 F.Supp. 999, 1001–1002 (S.D.Ala.1979). Nor does the Alabama survival statute, *Ala.Code* § 6–5–462, allow an action or cause of action for personal injuries to survive the plaintiff's death, when death is caused by those injuries. *See Price v. Southern Railway Co.,* 470 So.2d 1125, 1128 (Ala.1985). Lastly, the Alabama Supreme Court has held that a wrongful death action is equivalent to a personal injury action for purposes of determining venue. *See, e.g. Harris v. Elliott,* 277 Ala. 421, 423, 171 So.2d 237, 239 (1965). These decisions reinforce the common sense conclusion that wrongful death proceeds result from personal injuries.

**6.** This conclusion is supported by the Code's treatment of similar proceeds obtained as a result of another's death: § 101(a) excludes life insurance proceeds from gross income; § 101(b) excludes employee death benefits up to $5,000; and § 102 excludes property acquired by devise or inheritance. These sections demonstrate a general policy of excluding from taxable income amounts received because of the death of another.