# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2007**

Charles R. Fulbruge III
Clerk

No. 06-40526

LINDA R. BENAVIDES; PAUL A. BENAVIDES; and DAVID R. BENAVIDES

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, WIENER, and PRADO, Circuit Judges.

Wiener, Circuit Judge:

Plaintiffs-Appellants Linda Benavides, Paul Benavides, and David Benavides (collectively, "the Taxpayers") brought suit against the government, seeking a refund for income taxes paid on a jury award of punitive damages received in a state wrongful death action. The district court granted the government's motion for summary judgment, holding that the Taxpayers could not exclude their punitive damages award from gross income under 26 U.S.C. §104(a) and (c). The Taxpayers appeal. We agree with the district court that 26 U.S.C. § 104(c) does not apply to the Taxpayers' punitive damages award, so we affirm.

## I. FACTS & PROCEEDINGS

A.	Facts

In March 1989, Rogelio (Roger) Benavides was working as a shift operator for American Chrome & Chemical ("ACC")[1] when he fell through an improperly maintained tank lid and into a tank of an extremely caustic chemical.  He died as a result of the accident.

Roger was survived by his wife, Linda, and their two minor children, Paul and David.  Linda filed for and received workers' compensation death benefits from Roger's employer, which subscribed to the Texas Workers' Compensation insurance system.  Linda also filed a wrongful death suit on behalf of herself and the minor children against ACC in state court.  The suit sought only punitive damages, because, although a plaintiff ordinarily may recover both "actual damages" (compensatory) and "exemplary damages" (punitive) in a wrongful death action under Texas law,[2] the Texas Workers' Compensation Act ("WCA") limits the recovery available in wrongful death actions to only punitive damages when the decedent was covered by workers' compensation insurance.[3]  As Roger had not waived his coverage under the WCA,[4] Linda and the children were limited to recovering punitive damages in their wrongful death action.

After some ten years of litigation, the Taxpayers prevailed at a jury trial in March 1999.  The jury found that gross negligence caused Roger's death, and it awarded the Taxpayers $25 million in punitive damages.  Prior to the entry

---

[1]  ACC changed its name to Elementis Chromium, Inc. in January of 1998.

[2] TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002(a), 71.009 (Vernon 1997).

[3] TEX. LAB. CODE §§ 408.001(a, b) (Vernon 2005).  Section 408.001(b) reads: "This section does not prohibit the recovery of exemplary [punitive] damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence."

[4] In Texas, the employee, at the time of his employment, has the right to waive coverage under the WCA and retain his right to bring a common law action against his employer for work-related injuries.

of judgment on the jury's verdict, the Taxpayers accepted a settlement that reduced the punitive damages award and apportioned the recovery 50% to Linda and 25% to each child.[5] The Taxpayers paid federal income taxes on the award for 1999. In January 2001, Linda filed a refund claim for herself in the amount of $1,341,355 and for her children, Paul and David, in the amounts of $664,312 and $665,921, respectively. The Internal Revenue Service denied the refunds.

## B. Proceedings

In October 2004, the Taxpayers filed suit in the district court challenging the denial of their refund claims. They asserted that they were entitled to a refund because, under 26 U.S.C. § 104(c) (Internal Revenue Code § 104(c)), they could exclude their punitive damages award from their gross income. Although gross income normally includes punitive damages,[6] § 104(c) creates an exception by exempting punitive damages obtained in wrongful death actions with respect to which applicable state law limits recovery to punitive damages. The Taxpayers contended that the punitive damages in their case fell within this exception.

The district court rejected this argument, holding that "[t]he Texas Wrongful Death Act, as applied in the present case, does not meet the exception of Section 104(c), because a plaintiff can maintain an action that is not a punitive damage action." The court observed, "[t]he available compensatory

---

[5] The Settlement Agreement requires the Taxpayers to keep the terms of the settlement confidential. Accordingly, all documents identifying the amount and terms of the settlement were filed under seal.

[6] As amended in 1996, 26 U.S.C. § 104(a)(2) provides that:

(a) In general. -- . . . gross income does not include --
(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness.

remedies are either workers' compensation payments or, if workers' compensation is declined by a decedent, a common law action."

The district court also distinguished the Taxpayers' suit from Burford v. United States,[7] in which the plaintiffs were allowed to exclude their punitive damages award from gross income.[8] Burford involved punitive damages awarded under Alabama's wrongful death action, which allows for only punitive damages. In Burford, the wrongful death recovery was the only recovery that plaintiffs received; in contrast, the Taxpayers received workers compensation.[9]

The Taxpayers timely filed a notice of appeal.

## II. APPLICABLE LAW AND ANALYSIS

A.    Standard of Review

The Taxpayers' appeal from the district court's grant of summary judgment involves only a question of law, which we review de novo.[10]

B.    Taxation of Damages

As a general rule, gross income includes "all income from whatever source derived."[11] "The Supreme Court has repeatedly emphasized the sweeping scope of this definition, holding that Congress intended section 61(a), as well as its

---

[7] 642 F. Supp. 635 (N.D. Ala. 1986).

[8] Burford addressed whether punitive damages could be excluded from gross income under the pre-1996 version of § 104(a)(2).  Id. at 636-38.

[9] It is worth noting that Taxpayers may exclude the workers' compensation payments from gross income under § 104(a)(1).

[10] Chamberlain v. United States, 401 F.3d 335, 337 n.8 (5th Cir. 2005).

[11] I.R.C. § 61(a).

statutory predecessors, to exert the 'full measure of its taxing power.'"[12] Therefore, "exclusions from gross income must be construed narrowly."[13]

In 1996, Congress amended § 104 in an attempt to clarify the types of damages that are included in gross income. Under the amended 26 U.S.C. § 104(a)(2), individuals who have received both compensatory and punitive damages may exclude from gross income the compensatory damages received on account of personal physical injury or physical sickness. Thus, only part of their total award is taxed. Congress recognized, however, that some jurisdictions, notably Alabama,[14] allow wrongful death claimants to recover only punitive damages. Under such circumstances, successful plaintiffs would have their entire recovery taxed, even though the punitive damages award would likely have some compensatory purpose in punitive-only jurisdictions. To avoid this inequity, Congress enacted § 104(c), which provides

---

[12] Chamberlain, 401 F.3d at 337 (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)).

[13] Id.

[14] The government asserts that § 104(c) was intended to apply only to Alabama's wrongful death statute, which limits recovery in wrongful death actions to punitive damages. The government uses legislative history in an attempt to prove that Congress intended § 104(c) to apply only to Alabama's wrongful death statute. We need not consider this argument, however, as we do not find the statutory text to be ambiguous. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 568 (2005) ("As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material. Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."); see also, Garrett v. Circuit City Stores, Inc., 449 F.3d 672, 679 (5th Cir. 2006) (similar). Even if we were to consider the statute's legislative history, we would see that the text was not intended to apply only to Alabama's wrongful death statute. In discussing "present law" – which appears to mean the law as it existed before the 1996 amendments – the House and Senate Committee Reports noted, "Certain States provide that, in the case of claims brought under a wrongful death statute, only punitive damages may be awarded." H.R. Rep. No. 104-737, at 300 (1996) (Conf. Rep.) (emphasis added); S. Rep. No. 104-281, at 115 (1996) (Conf. Rep.) (emphasis added). This use of the plural, "certain states," confirms that § 104(c) could apply to states other than Alabama. Thus, if we were to consider the legislative history of § 104(c), the government's argument would fail.

Application of prior law in certain cases.-- The phrase "(other than punitive damages)" [in § 104(a)] shall not apply to punitive damages awarded in a civil action--

(1) which is a wrongful death action, and
(2) with respect to which applicable State law (as in effect on September 13, 1995 and without regard to any modification after such date) provides, or has been construed to provide by a court of competent jurisdiction pursuant to a decision issued on or before September 13, 1995, that only punitive damages may be awarded in such an action.

In contending that the district court erred in concluding that their punitive damages award does not fall under § 104(c), the Taxpayers argue that it does because they received punitive damages from (1) a civil action, (2) which was a wrongful death action, (3) in which they could only receive punitive damages under applicable state law. The Taxpayers recognize that, ordinarily, plaintiffs may receive both compensatory and punitive damages in a Texas wrongful death action. They note, however, that, under Texas law, only punitive damages are available for a wrongful death action if the decedent was covered by workers' compensation,[15] which, they maintain, brings the punitive damages in this case within § 104(c)'s scope.

The government responds that we should reject the Taxpayers' interpretation of § 104(c) because, in this case, the "applicable State law" (which, it contends, is Texas's wrongful death statute) allows plaintiffs to recover both compensatory and punitive damages. Conversely, the Taxpayers insist that "applicable State law" modifies "a civil action" (§ 104(c)) rather than "wrongful death action" (§ 104(c)(1)). Thus, they assert, the second clause of 104(c) effectively reads "(2) with respect to which [civil action] applicable state law . . . provides . . . that only punitive damages may be awarded in such an action."

---

[15] TEX. LAB. CODE §§ 408.001(a, b).

Simply put, the government contends that "applicable law" refers to the state wrongful death law generally, and the Taxpayers contend that "applicable law" refers to the law governing the particular lawsuit.

Interpreting § 104(c) narrowly, as we must,[16] we agree with the government that "applicable law" refers to the state's wrongful death law. The Taxpayers' reading of the statute would have us ignore § 104(c)(1). When we include § 104(c)(1) in the analysis, the statute exempts from taxation "punitive damages awarded in a civil action . . . that is a wrongful death action . . . with respect to which applicable State law . . . provides . . . that only punitive damages may be awarded in such an action." Although the statute is not a model in clarity, we conclude that its reference to the "applicable State law" is to the law governing wrongful death actions. And, the Texas state law applicable to wrongful death actions does not restrict the recovery of successful plaintiffs only to punitive damages.[17] Rather, it is Texas's Workers' Compensation Act that limits recovery to punitive damages and then only to those plaintiffs who recover workers' compensation benefits for the wrongful death of a covered worker.[18] In contrast, Alabama's wrongful death law at issue in Burford restricts recovery in all wrongful death actions to punitive damages.[19] Mindful that "exclusions from gross income must be construed narrowly,"[20] we hold that § 104(c) does not apply when the state law governing wrongful death

---

[16] Chamberlain, 401 F.3d at 337.

[17] TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002(a), 71.009 (Vernon 1997).

[18] TEX. LAB. CODE §§ 408.001(a, b) (Vernon 2005).

[19] Burford v. United States, 642 F. Supp 635, 636-38 (N.D.Ala. 1986); Omni Ins. Co. v. Foreman, 802 So.2d 195, 199 (Ala. 2001) ("It is hornbook law that in Alabama, the only damages a plaintiff is allowed to recover in an action for wrongful death are punitive damages.").

[20] Chamberlain, 401 F.3d at 337.

actions provides that a plaintiff may recover both punitive damages and compensatory damages, even if some other law of the state, such as the Workers' Compensation Act here, limits some wrongful death plaintiffs from recovering punitive damages.

According to the Taxpayers, allowing them to exclude their punitive damages award from gross income would be consistent with Congress's intent in adding § 104(c). The Taxpayers explain that they would have received compensatory damages far in excess of the workers' compensation insurance benefits if they had been able to bring a common law action for compensatory damages. They maintain that, because they still have substantial uncompensated actual losses, their punitive damages award falls under § 104(c) because it is in part compensatory. We disagree.

Congress passed § 104(c) to remedy the seemingly inequitable situation in which some taxpayers would have their entire recoveries taxed. In this case, however, the Taxpayers' entire recovery was not taxed. The Taxpayers received both workers' compensation benefits and punitive damages as a result of the death of Roger Benavides. Under § 104(a)(1), the workers' compensation benefits that they received were excluded from gross income. It is irrelevant for purposes of § 104 that the Taxpayers might have received a greater recovery if they had been able to pursue a common law action for compensatory damages.[21]

Finally, the Taxpayers argue in the alternative that Paul and David should be allowed to exclude their portion of the punitive damages award from gross income. They note that only Linda, as the surviving spouse, received any workers' compensation benefits, so Paul and David – who received only punitive damages – should be entitled to exclude their portions of the punitive damages

---

[21] Presumably, Roger Benavides elected the more limited recovery of workers' compensation benefits in exchange for the more certain and expeditious recovery provided by the workers' compensation system. Cf. Tex. Workers Comp. Comm'n v. Garcia, 893 S.W.2d 504, 521 (Tex. 1995).

from their gross income.  We see two problems with this assertion, either of which is sufficient to stymie that argument.  First, the stipulated facts state that Linda Benavides "and her children filed for and received Workers' Compensation death benefits."  Second, we read § 104(c) as being concerned with whether the applicable state law limits damages to only punitive damages, not with whether the particular plaintiffs actually recovered compensatory damages.

## III. CONCLUSION

We hold that 26 U.S.C. § 104(c) does not exclude punitive damages from the gross income of the survivors of a deceased worker when the wrongful death laws of the state in question do not limit recovery to punitive damages, even if, as here, some other law of the state, such as its Workers' Compensation Act, might restrict wrongful death recovery to punitive damages. We therefore affirm the judgment of the district court.

AFFIRMED.