781 So.2d 211 (2000)
Daniel H. KNOWLES
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
1981554.
Supreme Court of Alabama.
September 29, 2000.
*212 Desmond V. Tobias of Windom & Tobias, L.L.C., Mobile, for appellant.
James W. Killion and Harry V. Satter-white of Janecky Newell, P.C., Mobile, for appellee.
ENGLAND, Justice.
This case arises from an accident that occurred during a Halloween "haunted hayride" in 1996 at Woodmen of the World Lodge # 3854 in Saraland. Daniel H. Knowles fell off the back of a flatbed trailer being pulled by a truck driven by Joseph H. Dodd. The fall caused Knowles to have a permanent closed head injury. Knowles sued Dodd, alleging that Dodd had been acting as an agent of Woodmen of the World Life Insurance Society ("Woodmen"), and, as its agent, had negligently or wantonly caused the accident and Knowles's injury. Knowles also sued Woodmen, claiming it was liable to him under a respondeat superior theory and under a negligent-entrustment theory. Knowles also sued his own automobile liability-insurance carrier, State Farm Mutual Automobile Insurance Company, under the uninsured- and underinsured-motorist provisions of his policy.[1]
Dodd moved for a summary judgment, claiming that under Alabama's "Volunteer Service Act," § 6-5-336, Ala.Code 1975, he was immune from liability in regard to the accident. This Act protects volunteers from liability for negligence "if ... [t]he volunteer was acting in good faith and within the scope of such volunteer's official functions and duties for a nonprofit organization." § 6-5-336(d). All parties concede that Dodd was a volunteer and, because he was a volunteer, was not liable to Knowles as a matter of law.
Dodd, Woodmen, and Knowles submitted to the Court a proposed order, upon which the three agreed. By that order, the court entered a summary judgment for Dodd based on the Volunteer Service Act.
*213 Subsequently, the parties agreed to mediate. As a result of the mediation, Woodmen agreed to pay, and Knowles agreed to accept, $32,500 in full settlement of his claim against Woodmen. Based on this pro tanto settlement, Woodmen was being dismissed, with prejudice, on June 21, 1999.
State Farm moved for a summary judgment. By its summary-judgment motion, as amended, State Farm contended it was entitled to a judgment on three grounds: 1) that Knowles was not entitled to uninsured-motorist benefits because he had accepted a settlement of insurance proceeds from Woodmen's insurance carrier in the amount of $32,500 (i.e., Woodmen argued that the defendant Dodd was not an "uninsured motorist" within the meaning of that term as defined in the State Farm policy); 2) that Knowles was not entitled to uninsured-motorist benefits because he had not presented substantial evidence (see § 12-21-12, Ala.Code 1975) indicating that the amount of damages necessary to compensate for the injury he had suffered exceeded the limits of liability coverage provided by the policy issued by Woodmen's insurance carrier; and 3) that even if Knowles were to be entitled to underinsured-motorist benefits, State Farm would not become liable under Knowles's policy until the tortfeasor's (Woodmen's) policy limits had been exhausted. In support of its motion for summary judgment, State Farm filed a copy of the policy of "commercial general liability insurance" issued by Scottsdale Insurance Company to Woodmen, and in force at the time of the accident, insuring Woodmen against liability up to $1 million. State Farm also filed a copy of its own policy of insurance issued to Knowles. The trial judge entered a summary judgment for State Farm, and Knowles appealed.[2]
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981).
Was State Farm entitled to a judgment on the grounds that Knowles was not entitled to uninsured-/underinsured-motorist benefits because he had accepted $32,500 from Woodmen's liability-insurance carrier in full settlement of his claim against Woodmen? State Farm correctly notes the obvious: that in order for Knowles to recover uninsured-motorist benefits under his State Farm policy, he must show that the law or the terms of that policy entitle him to those benefits. The State Farm policy provides uninsured-motorist coverage by the following language:
"We will pay for bodily injury any insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance, or use of an uninsured motor vehicle."
Section 32-7-23(b)(4), Ala.Code 1975, provides that an underinsured-motorist carrier, such as State Farm, is not liable for underinsured-motorist benefits unless "[t]he sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person *214 after an accident is less than the damages which the injured person is legally entitled to recover." The statute reads:
"(b) The term `uninsured motor vehicle' shall include, but is not limited to, motor vehicles with respect to which:
". . . .
"(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover."
State Farm's policy adds a provision tracking that statutory language:
"THERE IS NO COVERAGE UNTIL THE LIMITS OF LIABILITY OF ALL BODILY INJURY LIABILITY BONDS AND POLICIES THAT APPLY HAVE BEEN USED UP BY PAYMENTS OF JUDGMENTS OR SETTLEMENTS."
Knowles accepted a $32,500 pro tanto settlement from Woodmen of the World, which was insured for $1 million by Scottsdale Insurance Company. State Farm argues that by accepting that amount in settlement and by consenting to the entry of a summary judgment for Dodd on the basis of the Volunteer Service Act, Knowles necessarily agreed that there was a respondeat superior relationship between Dodd and Woodmen. Knowles argues that he is entitled to uninsured-motorist benefits under his State Farm policy because, given the application of the Volunteer Service Act, he cannot recover damages from Dodd. The fact that Knowles could not recover damages from Dodd, because of the application of the Volunteer Service Act, would, standing alone, suggest that he might be entitled to benefits under the uninsured-motorist provisions of the State Farm policy. See Hogan v. State Farm Mut. Auto. Ins. Co., 730 So.2d 1157 (Ala.1998).[3] However, we have before us the additional fact that Knowles settled his claims against Woodmen for $32,500. It follows that if Dodd was an agent of Woodmen, and Knowles accepted $32,500 from Woodmen's liability-insurance carrier, $32,500 out of $1 million in available insurance proceeds, then State Farm would have had no obligation to pay uninsured- or underinsured-motorist benefits. Isler v. Federated Guar. Mut. Ins. Co., 594 So.2d 37, 39-40 (Ala.1991).
The summary judgment is affirmed.
AFFIRMED.
MADDOX, COOK, and JOHNSTONE, JJ., concur.
HOOPER, C.J., and HOUSTON, SEE, LYONS, and BROWN, JJ., concur in the result.
HOUSTON, Justice (concurring in the result).
Knowles's uninsured-motorist coverage provided:
"[State Farm Mutual Automobile Insurance Company] will pay damages for bodily injury [Knowles] is legally entitled to collect from the owner or driver of an uninsured motor vehicle."

(Emphasis in original.)
Joseph H. Dodd was the owner and driver of an uninsured motor vehicle from which Knowles fell; however, it is admitted by all parties that at the time Knowles fell from the vehicle owned and operated *215 by Dodd, Dodd was a "volunteer" as that term is defined in the Volunteer Service Act, Ala.Code 1975, § 6-5-336. As a volunteer, Dodd is immune from liability for the act causing Knowles's injury; therefore, Knowles was not legally entitled to collect damages for his personal injury from Dodd. Therefore, State Farm is not liable to Knowles under Knowles's uninsured-motorist coverage. To the extent that Hogan v. State Farm Mutual Automobile Insurance Co., 730 So.2d 1157 (Ala. 1998), is inconsistent with this, I would overrule Hogan.
We can affirm the trial court's judgment if it is supported on any valid legal ground, even if that ground was not raised below. Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988).
LYONS, Justice (concurring in the result).
Because I dissented in Hogan v. State Farm Mutual Auto. Ins. Co., 730 So.2d 1157 (Ala.1998), overruled on other grounds, Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala.1999), I concur in the result only. At that time, I stated:
"The statute [§ 32-7-23(a), Ala.Code 1975] requires coverage for persons carrying uninsured motorist insurance when such persons are `legally entitled to recover damages from owners or operators of uninsured motor vehicles.' Id. I believe that whether an insured is `legally entitled to recover' depends entirely on the merits of the insured's claim against a tortfeasor under the laws of the state. However, today's decision... has construed that phrase to mean `legally entitled to recover but for a defense that does not arise out of any wrongful conduct of the insured,' a defense such as immunity or an insured's status as a guest."
Hogan, 730 So.2d at 1159 (Lyons, J., dissenting).
Dodd successfully invoked the "Volunteer Service Act," § 6-5-336, Ala.Code 1975, in order to establish immunity for his conduct. I would affirm the judgment of the trial court because Dodd was not an uninsured motorist and therefore State Farm had no obligation under its policy to pay uninsured-or underinsured-motorist benefits.
HOOPER, C.J., and SEE, J., concur.
NOTES
[1] Knowles's wife joined his complaint, stating a derivative claim against the same defendants for damages for loss of consortium.
[2] Knowles's wife did not appeal.
[3] In Hogan, we held that a passenger who was precluded from suing the owner or operator of a motor vehicle because of the Volunteer Service Act might be entitled to recover uninsured-motorist benefits. Hogan was later overruled, in part, on another issue. See Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057 (Ala.1999).