Omni Insurance Company appeals from the trial court's denial of its postjudgment motion for a judgment as a matter of law ("JML"), for a new trial, or to alter or amend a judgment entered on a jury verdict in favor of Jennifer B. Foreman. We affirm.
 I. Underlying Facts and Course of the Proceedings
On May 22, 1998, at approximately 11:00 p.m., John Edward Brock was driving a pickup truck owned by his mother, Amy W. Quall, on Monroe County Road 27 west of Monroeville. He ran a stop sign at the intersection of County Road 27 and U.S. Highway 84; his vehicle collided with an automobile on Highway 84 driven by Jennifer B. Foreman, who was on her way home from her job in a clothing factory. John testified that he "wasn't paying attention to the road or [was] playing with the radio" and that when he looked up, he saw Foreman's automobile coming, but that it was too late to stop. Although John was only 17 years old, he had been drinking beer with friends, two of whom were passengers in his vehicle. Tests made after the accident revealed that John had a blood-alcohol level of .06%. He later pleaded guilty to DUI charges.
The impact of the collision caused Foreman's automobile to flip in the air and land on the opposite side of the highway. Various parts of Foreman's body were cut and bruised in the collision. She also suffered *Page 196 
a torn meniscus in her left knee (the meniscus is the cartilage behind the kneecap). Foreman was transported by ambulance to Monroe County Hospital, where she was treated; she was released the following morning. She later had arthroscopic surgery on her left knee. Her medical bills totaled $7,769.03.
Foreman sued John and his mother, alleging that John had negligently or wantonly caused or allowed the vehicle owned by his mother to collide with Foreman's vehicle, thereby injuring her. John was insured under an automobile liability policy with limits of $50,000. Foreman and her husband were insured under three automobile liability policies with Omni Insurance Company. Each of those policies provided uninsured/underinsured-motorist ("UIM") coverage with limits of $20,000, for a total of $60,000 in UIM benefits available to Foreman and her husband. Foreman later amended her complaint to add Omni as a defendant and to state against that defendant a breach-of-contract claim. She sought to recover from Omni UIM benefits to which she contended she was entitled.
The trial court entered a summary judgment in favor of Amy Quall. John's insurer settled Foreman's claims against him for $42,500. Omni had advance notice of the settlement and consented to it. Foreman then proceeded against Omni alone. Her claim against Omni was tried before a jury.
Before the trial, Omni moved to strike Foreman's claim for punitive damages, arguing that permitting Foreman to seek punitive damages against her own UIM carrier would not serve the purposes for which punitive damages are allowed. Omni states in its brief that the trial court denied its motion to strike, but it explains in a footnote that "[t]he [trial] court never expressly ruled on [its] motion to strike, but it submitted Foreman's claim for punitive damages to the jury and thus implicitly denied the motion."
At trial, Omni moved for a JML at the close of Foreman's case and again at the close of all the evidence. In both motions, Omni argued that Foreman's complaint should be dismissed in its entirety because she had settled with John for less than the limits of his policy and thus had failed to exhaust the limits of John's liability coverage; that Foreman's claim for punitive damages should be dismissed because assessing punitive damages against her own insurance company would punish the company, not the tortfeasor; and that Foreman had not proved that John's actions were wanton. The trial court denied both motions.
The jury returned a verdict in favor of Foreman. The verdict form states:
 "We the jury find for the Plaintiff, JENNIFER B. FOREMAN, and further find that the Plaintiff is `legally entitled to recover damages of John Brock' and find that he was guilty of:
"(choose one or both)
"(x) Negligence
"(x) Wantonness
 "We the jury find that the Plaintiff, JENNIFER B. FOREMAN, is entitled to compensatory damages of $60,000 Dollars.
 "We the jury, find by clear and convincing evidence that punitive damages should be awarded in the amount of $60,000 Dollars."
The trial court entered a judgment on the jury's verdict.
Omni then filed a postjudgment motion in which, among other things, it renewed its motion for a JML and also sought a reduction of the $120,000 verdict by $50,000, the limits of Brock's liability coverage. The trial court reduced the verdict *Page 197 
from $120,000 to $70,000, and it then further reduced the verdict to $60,000, the limits of Foreman's policies with Omni. The trial court otherwise denied Omni's postjudgment motion.
 II. Issues
Omni raises two issues on appeal. First, Omni asks us to hold that the terms of its policy do not provide, and that Alabama's UIM statute, § 32-7-23, Ala. Code 1975, does not require, coverage for punitive damages. Second, Omni asks us to hold that Foreman forfeited any benefits under her UIM coverage when she settled with John for less than his policy limits, thereby failing to exhaust his liability coverage. We address these issues in reverse order, because, if we agreed with Omni on the second issue, it would be unnecessary to reach the first issue.
 III. Forfeiture of UIM Benefits by Accepting Less Than the Policy Limits
Omni contends that Foreman's acceptance of a settlement from John in an amount less than the limits of John's liability coverage prevents her from recovering under Omni's UIM coverage. In State Farm MutualAutomobile Insurance Co. v. Scott, 707 So.2d 238 (Ala.Civ.App. 1997), the Court of Civil Appeals held that an injured person who accepts from a tortfeasor driver's automobile liability insurer an amount that is less than the limits of the driver's coverage forgoes any right under Alabama's UIM statute to collect the shortfall, that is, the difference between the amount of the settlement and the amount of available coverage. However, Scott recognizes that acceptance of an amount less than the available coverage does not defeat the right of an injured person to recover any damages to which he or she might be entitled that are in excess of the tortfeasor's limits of coverage. In Scott, the Court of Civil Appeals recognized a split of authority among the courts that had considered the question and recognized that its holding was consistent with the majority view. Id., 707 So.2d at 243 n. 6.
Omni acknowledges that Scott stands for a result contrary to that which it urges in this case. However, Omni maintains that this Court overruledScott sub silentio in Knowles v. State Farm Mutual Automobile InsuranceCo., 781 So.2d 211 (Ala. 2000). In Knowles, a plurality of this Court stated that the UIM carrier had no obligation where the plaintiff had accepted $32,500 from the tortfeasor's liability-insurance carrier in a setting where the liability limits under the tortfeasor's policy were $1 million. We choose to read the Knowles plurality opinion as consistent with Scott. Had the plaintiff in Knowles
offered substantial evidence that his damages exceeded $1 million, and had this Court concluded that the UIM carrier had no obligation under those facts, then we would have to reconcile Knowles and Scott. However, because Knowles is so readily distinguishable from this case and fromScott, it is unnecessary for us to attempt to harmonize the rule announced in Scott. We find Scott to be a sound decision, and we agree with its reasoning. We therefore hold that Foreman did not forfeit UIM benefits when she accepted a settlement from John in an amount less than the limits of his liability coverage. The trial court properly declined to enter a JML on that basis.
 IV. Availability of Punitive Damages Under UIM Coverage
Omni asks us to construe Alabama's UIM statute so as to preclude the recovery of punitive damages. The UIM provision in the policy issued to Foreman provides:
"UNINSURED MOTORISTS COVERAGE *Page 198 
 "We will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by an insured person, caused by accident and arising out of the ownership, maintenance or use of the uninsured motor vehicle."
The policy includes in its definition of an "uninsured motor vehicle" a motor vehicle "to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is not enough to pay the full amount an insured person is entitled to recover." Section 32-7-23(a) states that no policy of automobile liability insurance will be delivered or issued for delivery in Alabama "unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom." The statute further provides for coverage for the insured when "[t]he sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover." § 32-7-23(b)(4). We read the governing statutory law into the insurance policy. See Higgins v. Nationwide Mut. Ins. Co.,291 Ala. 462, 465, 282 So.2d 301, 303 (1973) (dealing with the uninsured-motorist statute and holding that the statute "states what the coverage shall include" and must "be read into the policy contract").
The resolution of this issue therefore turns upon our construction of the statute rather than a construction of the Omni contract of insurance. Omni relies upon cases such as League of Women Voters v.Renfro, 292 Ala. 128, 131, 290 So.2d 167, 169 (1974), for the rule that this Court may consider the results that would flow from giving the language of the statute one particular meaning over another — in other words, the practical effect a proposed construction would have. Omni observes that this Court has recognized that the legislative purpose in enacting the UIM statute was to compensate. See Aetna Cas. Sur. Co.v. Turner, 662 So.2d 237, 239 (Ala. 1995). Omni then concludes that because punitive damages serve no compensatory purpose, punitive damages should not be recoverable under the UIM statute. Omni makes challenging public-policy arguments concerning the wisdom of allowing punitive damages to be awarded against a UIM carrier that has done no wrong; it warns of the risk of increased premiums; and it asks us not to draw any solace from what it calls the carrier's illusory right to be subrogated against the tortfeasor.
The obstacle in taking the road that Omni invites us to travel is the premise that the statute as written is ambiguous and subject to construction. Section 32-7-23 requires the payment of sums that the insured is "legally entitled to recover." The statute then indiscriminately lists as causative factors "bodily injury, sickness or disease, including death, resulting therefrom." We cannot agree with Omni's argument.
First, when an injured person sues a tortfeasor and offers substantial evidence of conduct that this Court has recognized as appropriate to support an award of punitive damages, the trial court that takes the issue of punitive damages from a jury will see its judgment reversed. Under such circumstances, the injured party is "legally entitled to recover" such punitive damages as the jury may in its discretion award, as happened in this proceeding when the jury awarded $60,000 in punitive *Page 199 
damages. See, e.g., Ex parte Norwood Hodges Motor Co., 680 So.2d 245
(Ala. 1996).
Second, the Legislature included death as one of the circumstances giving rise to the right to recover under the UIM statute. It is hornbook law that in Alabama, the only damages a plaintiff is allowed to recover in an action for wrongful death are punitive damages. Lance, Inc. v.Ramanauskas, 731 So.2d 1204, 1221 (Ala. 1999). For this Court to write into the UIM statute a limitation to the recovery only of compensatory damages in instances other than wrongful death would require us to rewrite an unambiguous statute. We cannot do so, because, we have held:
 "`Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.'"
Blue Cross Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296
(Ala. 1998) (quoting IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992)). However, "`the settled rule of this court is that it will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question.'" Alabama State Fed'n of Labor v. McAdory,246 Ala. 1, 13, 18 So.2d 810, 819 (1944) (quoting Zahn v. Board of PublicWorks, 274 U.S. 325, 328 (1927)).
We recognize that a split of authority exists on the question whether punitive damages can be recovered from an UIM carrier. The United States Court of Appeals for the Eleventh Circuit has previously addressed this very question and has concluded that Alabama's UIM statute permits the recovery of punitive damages. See Lavender v. State Farm Mut. Auto. Ins.Co., 828 F.2d 1517 (11th Cir. 1987). The Court of Civil Appeals addressed this question in Hill v. Campbell, [Ms. 2980439, January 12, 2001] ___ So.2d ___ (Ala.Civ.App. 2001), and reached the same conclusion. In Hill, the Court of Civil Appeals reviewed similar decisions from several of our sister states.
Perhaps the holding in this case will produce the same result as that which occurred in Tennessee. Several years after the Tennessee Supreme Court decided Mullins v. Miller, 683 S.W.2d 669 (Tenn. 1984), in which it construed the Tennessee statute providing UIM coverage to include coverage for punitive damages, the Tennessee legislature amended Tennessee's UIM statute to provide for the recovery of compensatory damages only. See Carr v. Ford, 833 S.W.2d 68 (Tenn. 1992). The prerogative to make such a change in Alabama law is reposed in the Legislature and not in this Court. See Art. III, Ala. Const. of 1901:
"Sec. 43. Separation of powers.
 "In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men."
Because Alabama's UIM statute clearly requires that an insured be compensated for all damages he or she is "legally entitled to recover," and because Foreman is legally entitled to recover punitive damages, *Page 200 
the trial court properly denied Omni's motion for a JML as to the punitive-damages award.
 V. Conclusion
The judgment of the trial court is affirmed.
AFFIRMED.
Houston, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.