The majority affirms the summary judgment in favor of ANPAC, but reverses the summary judgment in favor of Farmers. I concur in the opinion as to ANPAC; I concur only in the result as to Farmers.
Among the cases relied upon by the majority in reversing the summary judgment in favor of Farmers is Lavender v. State Farm Mutual AutomobileInsurance Co., 828 F.2d 1517 (11th Cir. 1987). As the majority notes, Farmers argues that the uninsured-motorists insurance policy inLavender, unlike the policy at issue in the present case, did not contain a specific exclusion for punitive damages. Farmers also argues that the purposes of punitive damages are to deter others from similar conduct and to punish the wrongdoer, and that a punitive-damages award against Farmers does neither.
On rehearing, Farmers argues that Ala. Code 1975, § 32-7-23(a), is unambiguous and requires uninsured/underinsured-motorists coverage "for the protection" of the person insured. Farmers suggests that by focusing on "protection" the statute contemplates a compensatory purpose, but makes an exception in wrongful-death cases.[4] Farmers also argues that the purpose of the statute is to protect the responsible driver, who has obtained automobile liability insurance, from injuries caused by those not responsible enough to obtain liability insurance, but that the ruling of this court will mean that uninsured/underinsured-motorists policies will now provide broader coverage than do liability policies. (Farmers notes that Ala. Code 1975, § 32-7-22(b), a part of the Alabama Motor Safety Responsibility Act (requiring motor-vehicle liability policies to provide insurance from "liability imposed by law for damages . . . because of bodily injury . . . or death"), and Ala. Code 1975, § 32-7A-4, a part of Alabama's Mandatory Insurance Act, contain language similar to that in the uninsured/underinsured-motorists statute.)
As the majority notes, our Supreme Court recently decided the case ofOmni Insurance Co. v. Foreman, 802 So.2d 195 (Ala. 2001), holding that Alabama's uninsured/underinsured-motorists statute permits the recovery of punitive damages. One of the cases relied upon by our Supreme Court inOmni Insurance Co. was this court's January 12, 2001, opinion in the present case. Unlike Judge Thompson, I was not a member of this court when it issued that January 12, 2001, opinion. As Judge Thompson notes, however, Omni Insurance Co. has since been decided, and we are bound by it. I therefore concur in the result reached by the majority *Page 1118 
to reverse the summary judgment in favor of Farmers.
Pittman, J., concurs.
[4] While Farmers argues that our uninsured/underinsured-motorists statute is unambiguous, several of Farmers' arguments would appear more consistent with the position that the statute does contain ambiguity — ambiguity that stems from its focus on "protection" and on the fact that it describes the types of injuries that give rise to coverage rather than the types of damages.