849 So.2d 991 (2002)
Ex parte K.L.H.[*]
(In re K.D.H. v. State of Alabama).
1012175.
Supreme Court of Alabama.
November 1, 2002.
*992 L.D. Holt, Mobile, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Cr.App., 849 So.2d 983.
HOUSTON, Justice.
WRIT DENIED.
MOORE, C.J., and SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent from the denial of the petition for a writ of certiorari. The basis of our certiorari jurisdiction over this case is Rule 39(a)(1)(D), Ala. R.App. P., conflict. The conflict is that the opinion of the Court of Criminal Appeals, K.D.H. v. State, 849 So.2d 983 (Ala.Crim.App.2002), which rationalizes outright violations by the trial court of § 15-25-32, § 15-25-33, § 15-25-34, § 15-25-37, and § 15-25-38, Ala.Code 1975, conflicts with Wal-Mart Stores, Inc. v. Patterson, 816 So.2d 1, 6 (Ala.2001), and Omni Insurance Co. v. Foreman, 802 So.2d 195, 199 (Ala.2001), which hold that courts cannot rewrite statutes and must honor the plain meaning of the statutes. In the instant case, in a trial of rape and sodomy charges, the trial court admitted, over the defendant's apt objections, the hearsay declarations of the two-year-old alleged victim without the proof required by § 15-25-32 and § 15-25-33 that she was unavailable to testify and without the findings required by § 15-25-34, § 15-25-37, and § 15-25-38 that the child's hearsay declarations "possesse[d] particularized guarantees of trustworthiness under Section 15-25-32(2)b[, Ala. Code 1975]," § 15-25-37.
The Court of Criminal Appeals acknowledges:
"The juvenile court based its determination of unavailability on the written report submitted by Dr. Faison. That report does not fall within the definition of `testimony' and, therefore, there was a technical violation of § 15-25-33."
849 So.2d at 989. The Court of Criminal Appeals, however, holds this "technical violation" to be harmless because, after the trial court had admitted the hearsay over the defendant's objections, and the State had rested its case-in-chief, and the defendant had moved for a judgment of acquittal, and the trial court had denied the motion for judgment of acquittal, and the defendant had called Dr. Faison as a defense witness, then (for the first time) Dr. Faison supplied testimony that the Court of Criminal Appeals deems sufficient to prove the child was unavailable.
The fallacy of this holding by the Court of Criminal Appeals is that the defendant's motion for judgment of acquittal at the close of the case-in-chief by the State tested the sufficiency of the evidence as it then existed, before the defendant called his first witness. Goff v. State, 572 So.2d 1283, 1284 (Ala.Crim.App.1990) ("When a trial judge rules on a motion for a judgment *993 of acquittal, his decision, and ultimately our review of that decision, must be based on the evidence before him at the time.") (emphasis added). At that stage of the trial, the hearsay declarations of the child were unsupported by Dr. Faison's testimony and therefore were erroneously admitted and not properly considered in the denial of the defendant's motion for judgment of acquittal. Without the child's hearsay declarations, the record lacked evidence that the defendant had committed the crimes charged. Therefore, the trial court erred in denying the motion for judgment of acquittal. The erroneous admission of the child's hearsay declarations and the consequent erroneous denial of the defendant's motion for judgment of acquittal can hardly be deemed harmless, since, had the trial court ruled correctly, the trial would have ended in a judgment of acquittal without any opportunity for the State to supply tardily the requisite predicate for the child's hearsay declarations.
The Court of Criminal Appeals further states:
"We agree that the juvenile court did not `support with findings' nor make a determination on the record that the victim's out-of-court statements possessed particularized guarantees of trustworthiness."
849 So.2d at 991. The Court of Criminal Appeals itself, however, then proceeds to supply the fact-findings that were the province and the duty of the trial court in order to cure the error committed by the trial court:
"However, we conclude that this technical non-compliance with § 15-25-38 was harmless because, based on our review of the evidence and of the statutory factors regarding the trustworthiness of an out-of-court statement of a child victim, as set out in § 15-25-37, we conclude that the out-of-court statements were sufficiently trustworthy to warrant their admission."
849 So.2d at 991. The fallacy of this rationale by the Court of Criminal Appeals is that the child's hearsay declarations were not, and are not, admissible unless they were "shown to the reasonable satisfaction of the [trial] court to possess particularized guarantees of trustworthiness." § 15-25-32(2)b. The Court of Criminal Appeals is not the trial court. The Court of Criminal Appeals cannot legally supply findings due from the trial court by reasoning, in effect, that, had the trial court known it needed to find certain facts, it would have found the ones the Court of Criminal Appeals deems necessary to its conclusion.
The opinion by the Court of Criminal Appeals rationalizes these errors by the trial court as "a technical violation," 849 So.2d at 989, and "technical noncompliance," 849 So.2d at 991. When a court dismisses a violation of a statute as merely "technical," the court effectively dismisses the statute itself. Such a ruling violates the separation of powers guaranteed by Article III, § 43, Alabama Constitution of 1901, and defies the mandates of Wal-Mart, supra, and Omni, supra, that courts follow statutes as written and that courts honor the plain meaning of the statutes. See also Ex parte Washington, 818 So.2d 424, 427-30 (Ala.2001) (Johnstone, J., dissenting).
NOTES
[*] The defendant filed his petition under the name "K.L.H." The case in the Court of Criminal Appeals carried the initials "K.D.H."