PITTMAN, Judge.
State Farm Mutual Automobile Insurance Company' (“State Farin’’) appeals from a judgment entered by the Mobile Circuit Court against State Farm and in favor of Jacqueline Brown and Cleo Brown. We reverse and remand.

*296
Facts and Procedural History

The Browns sued John Joseph Kramer, seeking compensatory and punitive damages after the Browns had been involved in an automobile accident with Kramer. The Browns were insured by a State Farm policy, which provided underinsured-mo-torist (“UIM”) coverage for the Browns. Accordingly, the Browns also named State Farm as a defendant, seeking to recover UIM benefits. Kramer’s liability insurer, USAA Casualty Insurance Company (“USAA”), offered to pay the Browns $200,000, which represented the policy limits of Kramer’s policy, in full settlement of the Browns’ claims against Kramer.
In response to USAA’s settlement offer, State Farm advanced $200,000 to the Browns pursuant to the procedure set out in Lambert v. State Farm Mut. Auto. Ins. Co., 576 So.2d 160 (Ala.1991).[1] State Farm also elected to “opt out” of the litigation between the Browns and Kramer pursuant to the procedure recognized in Lowe v. Nationwide Ins. Co., 521 So.2d 1309 (Ala.1988).
The Browns’ claims agáinst Kramer'proceeded to trial, and the jury rendered a verdict in favor of the Browns in the total amount of $90,000, which consisted of $80,000 in compensatory damages and $10,000 in punitive damages. Kramer’s liability policy with USAA did not provide coverage for punitive damages. Accordingly, USAA deposited a total of $80,000 with the trial court.
The Browns conceded that State Farm was entitled to the $80,000 based on the substitute payment it had made under Lambert. A dispute, however, arose between the Browns and State Farm regarding the $10,000 punitive-damages award. According to the Browns, because Kramer’s liability policy excluded coverage for punitive damages, Kramer was uninsured for such damages, and, thus, they argued, State Farm was required to pay $10,000 to the Browns pursuant to the Browns’ UIM coverage. State Farm, on the other hand, asserted that the Browns were entitled to retain all of the $200,000 that State Farm had advanced to the Browns under Lambert, which exceeded the total verdict by $110,000. Thus, State Farm argued, the Browns had already recovered more than the total amount of the verdict, and State Farm was not required to pay an additional $10,000.
The trial court agreed with the Browns and entered a judgment against State Farm in the amount of $10,000, plus interest. State Farm appealed.

Standard of Review

An appellate court’s review of a ruling on a question of law is de novo. Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).

Analysis

USAA offered to pay the Browns $200,000 in full settlement of all of the Browns’ claims. State Farm advanced those funds to the Browns pursuant to Lambert. At that point, the Browns had recovered all the funds to which they ultimately became legally entitled as a result of the jury’s verdict. Indeed, the Browns recovered more than the amount to which they were legally entitled, as State Farm concedes that the Browns had the right to keep the entire $200,000 advance made under Lambert. Accordingly, we agree with State Farm’s argument that it was not required to pay the Browns an additional $10,000.
*297 Omni Insurance Co. v. Foreman, 802 So.2d 195 (Ala.2001), upon which the Browns principally rely, does not call for a different result. Omni simply holds that UIM benefits can include punitive damages that are owed by an underinsured tortfeasor. According to Omni, “[sjection 32 — 7—23[, Ala.Code 1975,] requires the payment of sums that the insured is ‘legally entitled to recover.’” 802 So.2d at-198. In the present case, although the Browns were legally entitled to recover punitive damages from Kramer, the Browns unquestionably received, pursuant to State Farm’s Lambert advance, more than the total sum of damages to which they were entitled.' Thus, the trial court’s judgment against State Farm is due to be reversed.
REVERSED AND REMANDED.
THOMAS and'DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.
MOORE, J., concurs in the result, with writing.

. In Lambert, our supreme court stated that a UIM insurer can prevent the release of a tortfeasor from liability, and thereby protect the UIM insurer's potential right to subrogation, by advancing to its insured an amount equal to the tortfeasor’s settlement offer. 576 So.2d, at 167.